**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
. _TALLAHASSEE_ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Provided to Madison C.I. on

11/19/18   for mailing by _____

Date        Initials

Legal Mail

ORLANDO PEREZ MARTINEZ

Inmate # M 67226              .

(Enter full name of Plaintiff)

vs.

CASE NO: 4:18 CV 546 WS-CAS

(To be assigned by Clerk)

SEE NAMES WITH ATTACHE COMPLAINT

_____ ,

_____ ,

_____ ,

_____ .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

## IV.    PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.    Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(   )                         No(X )

    1.    Parties to previous action:
       (a)    Plaintiff(s): _____ N/A _____

       (b)    Defendant(s): _____

    2.    Name of judge: _____    Case #: _____

    3.    County and judicial circuit: _____

    4.    Approximate filing date: _____

    5.    If not still pending, date of dismissal: _____

    6.    Reason for dismissal: _____

    7.    Facts and claims of case: _____

                _____

**(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(   )                         No(X )

    1.    Parties to previous action:
       a.    Plaintiff(s): _____ N/A _____

       b.    Defendant(s): _____

    2.    District and judicial division: _____

    3.    Name of judge: _____    Case #: _____

    4.    Approximate filing date: _____

    5.    If not still pending, date of dismissal: _____

    6.    Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.    Plaintiff(s): ORLANDO PEREZ MARTINEZ
   b.    Defendant(s): CORIZON HEALTH
2. District and judicial division: U.S. DISTRICT COURT JACKSONVILLE
3. Name of judge: _____ Case #: 4:14-CV-00146-WS-CAS
4. Approximate filing date: 2-26-15
5. If not still pending, date of dismissal: CASE CLOSE
6. Reason for dismissal: DI - MINIMUS
7. Facts and claims of case: MEDICAL DENIAL 8th AMENDMENT DELIBERATE INDIFERENCE

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                    No(X)

1. Parties to previous action:
   a.    Plaintiff(s): ORLANDO PEREZ MARTINEZ
   b.    Defendant(s): FL. DEPARTMENT OF CORRECTIONS
2. District and judicial division: MIDDLE DISTRICT JACKSONVILLE
3. Name of judge: _____ Case Docket # 3:15-CV-336-J-3A PDB
4. Approximate filing date: 8-19-2015 Dismissal date: _____
5. Reason for dismissal: _____

4

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( X )                              No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): ORLANDO PEREZ MARTINEZ
   b. Defendant(s): MR. RALPH. AND MR. C. HODGSON
2. District and judicial division: NORTHEN DIVISION TALLAHASSEE
3. Name of judge: _____  Case #: 4:16-CV-192-MW/CAS
4. Approximate filing date: 3-24-18
5. If not still pending, date of dismissal: PRE-TRIAL CONFERENCE SCHEDULE
6. Reason for dismissal: _____
7. Facts and claims of case: RALPH-THE LIBRARIAN
   NOT A CORRECTIONAL OFFICER ASSAULTED ME [EXCESSIVE FORCE]

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )                              No(  )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

6.   Facts and claims of case: *THREAT OF VIOLANCE*

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

*SEE ATTACHED COMPLAINT*

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE ATTACHED
COMPLAINT

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

11-19-2018
_____
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): X delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _19_ day of _September_ , 20 _18_ .

_____
(Signature of Plaintiff)

ORLANDO PEREZ-MARTINEZ
PLAINTIFF

Vs.

CIVIL CASE NO: 4:18cv546 WS-CAS

SEE ATTACH LIST OF
DEFENDANT(S)

FILED USDC FLND TL
NOV 21 '18 PM1:50

( 1 oF 23 )

# DEFENDANTS

Sergeant Linton, K.   A-1 dormitory Correctional Officer [Main Unit]
and Confinement Taylor Correctional Institution
8501 Hampton Springs Rd - Perry, FL. 32348

Sergeant-R. Slayton   A-1 dormitory Correctional Officer [Main Unit]
Taylor Correctional Institution
8501 Hampton Springs Rd. Perry, FL. 32348

Officer-Brown, Randall D.   Correctional Officer [North Side - Food Service A:M Office]
Taylor Correctional Institution
8501 Hampton Springs Rd. Perry, FL. 32348

Sergeant - Evelyna Becerra   Correctional Officer Main Camp 6:00 R.M to 6:00p
Taylor Correctional Institution
8501 Hampton Springs Rd. Perry, FL. 32348

Officer- Cooper, C.M.   Correctional Officer [Confinement Supervisor]
Taylor Correctional Institution
8501 Hampton Springs Rd. Perry, FL. 32348

Captain - John Doe   Correctional [A. M. Shift Supervisor]
Taylor Correctional Institution
8501 Hampton Springs Rd. Perry, FL. 32348

## ALL DEFENDANTS ARE BEING SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

EACH DEFENDANT IS SUED INDIVIDUALLY AND HIS OFFICIAL
CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT
EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

# I. JURISDICTION AND VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURE BY THE CONSTITUION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(a)(3). PLAINTIFF PEREZ MARTINEZ SEEK'S DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF PEREZ MARTINEZ CLAIM FOR INJUNTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. THE NORTHEN DISTRICT OF FLORIDA IS AN APPROPIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECOUSE IT IS WHERE THE EVENTS GIVEN RISE TO THIS CLAIM OCURRED.

# II. PLAINTIFF

3. PLAINTIFF ORLANDO PEREZ MARTINEZ, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF FLORIDA IN THE COSTUDY OF THE FLORIDA DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN MAYO CORRECTIONAL INSTITUTION, IN MAYO FLORIDA.

# III. DEFENDANTS

4. DEFENDANT (1) A-1 Dormitory Sgt. Linton, K.
SLam Plaintiff on The ground head First while Plaintiff was restraint with handcuffs behind his back and shackles on Leg's. Then kick and stomp Plaintiff.

5. DEFENDANT (2) A-1 dormitory and Confinement Sgt. R. Slayton. kick Plaintiff on upper body and Right Front Ribs causing several Fracture Ribs. Sgt. Slayton Kicking and Stomping of The Plaintiff was done after Plaintiff was slam To the ground by Sgt. Linton and Plaintiff's hands were restrained behind back with Cuffs and Legs were shackle.

6. DEFENDANT (3) Officer Brown, Randall assign To control Chow hall The day Plaintiff was assaulted and beaten. Officer Brown Refuse To Listen and would not allow Plaintiff To display Medical Authorized Orders on Job assignment that had Plaintiff remove From kitchen work That he was Forcibly being order To Perform.

7. DEFENDANT (4) Officer Evelyna Becerra Main Camp 6:00 A.M. to 6:00 P.M. Shift. Woke up Plaintiff To report To kitchen For work duty The day Plaintiff was assaulted and beaten. Sgt. Evelyna Becerra also participate In The assault and beating To Plaintiff. Sgt. Becerra kick and Stomp Plaintiff while he Laid on The ground with hands Cuff, and Legs shackle.

8. DEFENDANT (5) Officer Cooper, C.M. Work in confinement while Plaintiff was Confined as punishment after receiving beatings by The defendants. Officer Cooper refuse Plaintiff's request For Emergency and urgent Medical needs. Office Cooper Force Plaintiff To remove all his Clothes and Left him Totally nude. Officer Cooper also remove Plaintiff's Mattre, sheets and blanket and Force Plaintiff To remain in confine Room Totally nude, Lay on a steel bunk with oth a Mattres, sheets, or blankets and continued To negate requests For Medical Attention. Plaintiff was Force To remain in The above aforesaid condition For Three (3), continuous days.

( 4 of 23 )

9. DEFENDANT (6) Captain John Doe Officer In Command Captain John Doe was The shift Supervisor at Taylor C.I on The day and shift That Plaintiff was assaulted. Captain John Doe also contributed To The Pain and suffering That was applied To The Plaintiff. The Captain Use Pepper spray over The nose and eyes directly on Plaintiff's Face. Plaintiff Attempted To show medical pass ordering No Spray To be used on him due To respiratory Problem's. The Captain Stomp on Plaintiff's Head.

10. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## IV FATCTS AND ALLEGATIONS

11. AT ALL TIMES RELEVANT TO THIS CASE, PLAINTIFF ORLANDO PEREZ, MARTINEZ WAS A PRISONER OF THE STATE OF FLORIDA IN THE COSTUDY OF THE FLORIDA DEPARTMENT OF CORRECTIONS AND HOUSE AT TAYLOR CORRECTIONAL INSTITUTION, HE IS CURRENTLY CONFINED IN MAYO CORRECTIONAL INSTITUTION, IN MAYO FLORIDA.

12. ON SEPTEMBER 28, 2017 AT OR AROUND THE HOUR OF 3:00 AM IN THE MORNING, SGT. EVELYNA BECERRA AWOKE PLAINTIFF PEREZ MARTINEZ AN INSTRUCTED HIM TO REPORT TO FOOD SERVICE FOR WORK DUTY ASSIGNMENT. PLAINTIFF AT THIS TIME ATTEMPTED TO SHOW SGT. BECERRA, CHANGE ORDERS TO WORK ASSIGNMENT WRITTE BY MEDICAL DEPARTMENT AT TAYLOR C.I. DUE TO HIS MEDICAL CONDITIONS. SGT. BECERRA REFUSE TO LISTEN AN REBUKE ALL ATTEMPTS MADE BY PLAINTIFF. STG. CONCLUDED BY EXCORTING PLAINTIFF TO FOOD SERVICE.

13. THE PLAINTIFF OBEYDED AND COMPLY SGT. BECERRA ORDERS TO FOLLOW HER TO FOOD SERVICE. UPON ARRIVAL TO FOOD SERVICE PLAINTIFF WAS MEET BY OFFICER BROWN, RANDALL D. PLAINTIFF KNOWING THAT OFFICE BROWN WAS ASSIGN TO FOOD SERVICE, AT THIS TIME PLAINTIFF TOOK OUT OF HIS SHIRT POCKET. THE MEDICAL DEPARTMENT WRITTEN ORDER OF CHANGE   WORK ASSIGNMENT

14. PLAINTIFF THEN ONCE AGAIN TRIED TO EXPLAIN HIS CHANGE OF WORK ASSIGNMENT DUTIES BY WAVING HIS HAND HELD WORK ASSIGNMENT CHANGE ORDER WRITTEN BY MEDICAL DEPARTMENT AT TAYLOR C.I. OFFICER BROWN ALSO REFUSED TO LOOK AT THE MEDICAL ORDERS. MEDICAL ORDERS ARE ALL IDENTICAL IN SIZE AND COLOR. ALL CORRECTIONAL OFFICERS ARE TRAINED TO DISTINGUISHED A MEDICAL ORDER EXTREMELY WELL SO AS TO DETERMINED AUTHENTIC VALIDITY, AND VERIFICATION OF AUTHORIZED MEDICAL PERSON WHO'S SIGNATURE IS SHOWN ON MEDICAL. OFFICER BROWN MADE NO ATTEMPT TO READ OR VERIFY MEDICAL ORDER INSTEAD, OFFICER BROWN CONTACTED HIS SHIFT SUPERVISOR AND INFORM HIM ERRONEOUS  , AND UNTRUTHFUL BEHAVIOR BY THE PLINTIFF, AS A RESULT OF OFFICER BROWN FALSE REPORT TO HIS SUPERVISOR ON PLAINFFS BEHAVIOR THE SHIFT SUPERVISOR AUTHORIZED THE WRITING OF A REPORT FOR DISCIPLINARY ACTION, BEING HANCUFF, AND IT AREN TO MEDICAL AS COSTUMARY PRIOR TO PLACEMENT IN CONFINEMENT. OFFICER BROWN USED RACIAL SLURS AGAINST THE PLAINTIFF. THE RACIAL SLURS USED ARE WELL KNOWN TO PLAINTIFF

15 SGT. LINTON, SGT SLAYTON, AND SGT. BECERRA JOINTLY ESCORTED PLAINTIFF PEREZ MARTINEZ OUT OF MEDICAL AND IN ROUTE TO CONFINEMENT. THEY WERE MEET ALONG THE WAY TO CONFINEMENT BY CAPTAIN JOHN DOE. ON THE WAY TO CONFINEMENT AS PLAINTIFF IS NOW EXCORTED BY SGT. LYNTON, SGT. SLAYTON, SGT. BECERRA, AND CAPTAIN JOHN DOE REACH A POINT ALONG THE THAT IS UNDETECTABLE AND OUT OF THE RANGED WERE SECURITY CAMERAS ARE ABLE TO CAPTURE AND RECORD ALL HAPPENINGS.

16. AT THIS POINT IN THE ROUTE TO CONFINEMENT, WHERE A BLIND SPOT EXISTS THAT UNABLES SECURITY CAMERAS TO CAPTURE AND RECORD ALL MOVEMENTS, A BLIND SPOT EXISTANCE WELL KNOWN TO ALL CORRECTIONAL OFFICERS AT TAYLOR C.I IS WHEN THE PARTY EXCORTING THE PLAINTIFF, SGT. LYNTON, SGT. SLAYTON, SGT EVLINA BECERRA, AND CAPTAIN JOHN DOE TAKE THE INITIATIVE, AND COMMENCE TO ADMINISTER A VICIOUS, AND SADISTIC BEATING, WITH A MALICIOUS INTENT ON PLAINTIFF PEREZ MARTINEZ.

17. SGT. LYNTON INITIATES THE BEATING BY BODY SLAMMING THE PLAINTIFF HEAD FIRST WHILE HANDS ARE CUFF BEHIND BACK AND HIS LEGS ARE SHACKLE. SGT. LYNTON THEN kicks PLAINTIFF ON RIB CAGE AREA

18 SGT. EVELYNA BECERRA JOINS IN THE BEATING BY KICKING AND STOMPTING THE PLAINTIFF WHILE HE LAY'S HELPLESS ON THE GROUND.

19. SGT. SLAYTON ALSO JOINS HIS CO-WORKERS AND BEGINS TO ADMINISTER A BEATING ON THE PLAINTIFF. SGT. SLAYTON KICKS THE PLAINTIFF'S RIGTH FRONT RIB CAGE AREA SO HARD THAT LEAVES PLAINTIFF WITH BROKEN RIBS. EIGTH MONTH TO DATE AFTER BEATING AND KICKING TO PLAINTIFFS RIBS BY SGT. SLAYTON. HIS RIB CAGE IS STILL PAINFULL AND LARGE LUMPS AND BUMPS ARE DETECTABLE, WHEN THE RIBS THAT WERE BROKEN ARE FELT.

20. CAPTAIN JOHN DOE ALSO JOINS SGT. LYNTON, SGT. BECERRA AND SGT. SLAYTON. THE CAPTAIN STEPS WITH ONE FOOT ON PLAINTIFF'S HEAD AND PRESSES IT HARD AGAINST GROUND. THE CAPTAIN PROCEEDS BY PLACING HIS OTHER FOOT ON PLAINTIFF'S LEGS THAT WERE SHACKLE AND JUMPING ON THE CHAIN THAT JOINED SHACKES. CAPTAIN THEN SPRAYS THE PLAINTIFFS EYES, FACE, AND NOSE WITH PEPPER SPRAY TO A NEAR POINT OF ASPHYXIATION.

21. AFTER THE BEATING THAT WAS ADMINISTER TO THE PLAINTIFF BY THE FOUR CORRECTIONAL OFFICERS MENTION HEREIN, PLAINTIFF PEREZ MARTINEZ CONDITION WAS SO SEVERE AND PAINFUL THA HE WAS UNABLE TO COME TO HIS FEET, OR WALK ON HIS OWN POWER. THE PLAINTIFF HAD TO BE DRAG BY HIS FEET TO CONFINEMENT. THE PLAINTIFF WAS DRAG FOR MORE THAN THREE HUNDRED FEET BY SGT. LYNTON AND SGT. SLAYTON.

22. WHEN THE PLAINTIFF WAS BROUGHT INTO G. DORM, CONFINEMENT SIDE, QUAD G-4, PLAINTIFF WAS PUT IN ONE OF THE SHOWER'S AND THE WATER TURN ON TO GET ALL THE FOAMY ORANGE RESIDUE THAT COVER HIS ENTIRE FACE AREA AS IF IT WERE A MASK. THIS FOAMY LIKE MASK RESIDUE OVER THE PLAINTIFF'S FACE WAS CREATED, AS A RESULT OF THE EXCESSIVE AND CONTINUOUS SPRAYING OF CHEMICAL PEPPER SRAY APPLIED DIRECTLY TO THE FACE AREA, EYES, AND NOSE OF PLAINTIFF PEREZ MARTIN. PLAINTIFF WAS THE DRAG OUT OF SHOWER ROOM and PLACED IN CELL 114 OF G-4 QUAD IN CONFINEMENT. ALL THE AFORE-SAID PROCEEDURE, ONCE IN CONFINEMENT WAS CAPTURE BY SOUND, AND VIDEO CAMERAS INSTALLED INSIDE ALL CONFINEMENT AREAS WITH THE EXCEPTION OF ALL SHOWER ROOMS, AND CELLS.

23. PLAINTIFF WAS LOCK IN HIS CELL, G-4-114. APPROXIMATELY A 10:30 A.M, AND SEVEN HOURS AFTER SUSTAINING THE BEATING ALL THE INFLICTION OF ABUSE, AND INJURIES, START TO PRODUCE ENORMEOUS AND UNBEARABLE CONTINUOUS PAIN, AND ACHES ALL OVER HIS RIBS, LEGS, ANKLES, STOMACH, AND HEAD. PLAINTIFF'S EYES ARE BADLY IRRITATED, HE IS ALSO EXPERIENCING SHORTNESS OF BREATH, AND DIFFICULTY WITH BREATHING. ALL SYMPTOMS, PAINS, AND ACHES, ARE A DIRECT RESULT OF THE SEVERE INFLICTED BEATINGS, AND THE TREMENDOUS, AND EXCESSIVE AMOUNT OF PEPPER SPRAY THAT WAS APPLIED ON THE PLAINTIFF FROM ALL THE PARTICIPATING OFFICERS MENTION HEREIN AND NAMED AS DEFENDANTS IN THIS § 1983 CIVIL LAW SUIT COMPLAINT.

24. THE PLAINTIFF CAN NO LONGER BEAR THE PAIN. AND DIFFICULTIES OF BREATHING. HE STARTS TO BANG ON HIS CELL DOOR TO GET THE OFFICERS ATTENTION. THE OFFICER HEARS THE BANGING ON THE CELL DOOR. HE COMES AND STANDS IN FRONT OF G-4 QUAD, CELL 114. WITHOUT SAYING A WORD TO THE PLAINTIFF, CALLS FOR BACK-UP ON HIS RADIO. PLAINTIFF ATTEMP BY MEANS OF HIS BROKEN DOWN ENGLISH, AND HAND SIGNALS BY TOUCHING HIS RIB'S, AND RUBBING HIS EYES AND NOSE THAT HE IS AGONY AND TERRIBLE PAIN. PLAINTIFF REPEATS THE WORDS DR., DR., DR., PAIN, PAIN, DR. THE OFFICER WAS INDIFFERENT TO ALL PLEAS, AND NEGLECTED THE PLAINTIFF URGENT MEDICAL NEEDS. **OFFICER COOPER** WHO IS INCHARG OF CONFINEMENT DENIES THE PLAINTIFF OF REQUESTED MEDIC ATTENTION.

25. OFFICER COOPER'S RADIO REQUEST FOR BACK HAS ARRIVED. A SECOND OFFICER NOW STAND'S IN FRONT OF G-4 -CELL 114 AND READY TO ASSIST OFFICER COOPER ON HIS REQUEST FOR BACK-U ASSISTANCE. OFFICER COOPER ORDERS PLAINTIFF TO STRIP ALL CLOTHES OF HIS BODY, INCLUDING UNDERWEAR BOXERS. HE THEN OPEN'S THE STEEL DOOR ACCESS FLAP DOOR. OFFICER COOPER PROCEED'S BY ORDERING AND HAND SIGNALING THE PLAINTIFF TO PICK UP ALL HIS CLOTHING OF THE FLOOR AND THROW IT OUT THE ACCESS FLAP DOOR. PLAINTIFF COMPLIE WITH THE COMMAND AND PUT CLOTHING THROUGH ACCESS FLAP. OFFICER COOPER NOW ORDERS PLAINTIFF TO PUT HIS HANDS BEHIND HIS BACK AND THROUGH ACCESS DOOR FLAP. OFFICER COOPER THEN HANCUFF THE PLAINTIFF, HANDS BEHIND HIS BACK AND ORDER'S PLAINTIFF TO WALK TO THE END OF CELL 114 WITH HIS BACK TO THE CELL DOOR. OFFICER COOPER THEN ENTER'S THE CELL WHILE BACK-UP OFFICER STAND'S IN FRONT OF CELL DOOR AND KEEP'S AND EYE ON THE PLAINTIFF, OFFICER COOPER THEN REMOVES PLAINTIFFS BED MATTRESS, SHEETS, AND BLANKET. OFFICER COOPER THEN SHUTS THE CELL DOOR AND LOCK'S IT, HE ORDERS PLAINTIFF TO BACK UP TO THE DOOR AND PUT HANS THROUGH THE ACCESS DOOR FLAP AND REMOVES HANDCUFF'S FROM THE PLAINTIFF, HE SIGNAL'S TO BACK AWAY FROM THE DOOR AND SHUTS FLAP ACCESS DOOR LOCK. OFFICER COOPER MAKES THE PLAINTIFF SLEEP NAKED AND ON A BARE STEEL BUNK WITHOUHT MATTRE AND NO MEDICAL ATTENTION FOR 72 HOURS. ( 9 OF 23 )

# V STAMENT OF LEGAL CLAIMS

26. SGT. EVELYNA BECERRA USED UNNECESSARY EXCESSIVE FORCE AGAINST THE PLAINTIFF WHILE HE WAS RESTRAINT WITH HANDCUFFS BEHIND HIS BACK, AND LEGS RESTRAINT WITH SHACKLES LAYING ON THE GROUND, FACED DOWN DEFENSELESS. PLAINTIFF PEREZ MARTINEZ WAS UNDER RESTRAINT AND POSE NO THREAT OR DANGER TO DEFENDANT SGT. BECERRA NOR ANY OTHER CORRECTIONAL OFFICER. DEFENDANT SGT. BECERRA APPLIED EXCESSIVE FORCE TO THE PLAINTIFF BY KICKING HIM ON HIS UPPER LEGS, AROUND THE RIGTH KNEE AREA. STG BECERRA EXCESSIVE FORCE WAS APPLIED WITH A MALICIOUS AND SADISTIC INTENT TO INFLICT PAIN AND CAUSE INJURY. THE DEFENDANT, SGT. BECERRA BY HER ACTIONS VIOLATED THE PLAINTIFF, PEREZ MARTINEZ AMENDMENT EIGHTH PROTECTED RIGTHS TO THE UNITED STATES CONSTITUTION. THESE ILLEGAL ACTIONS CAUSE, AND ARE STILL CAUSING PLAINTIFF PEREZ MARTINEZ PAIN, SUFFERING, PHYSICAL INJURY AND EMOTIONAL DISTRESS.

27. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBEB HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF DEFENDANT, SGT. EVELYNA BECERRA.

28. OFFICER BROWN RANDALL ACTED WITH DELIBERATE INDIFFERENCE WHEN HE REFUSED TO INVESTIGATED, AND LOOK AT MEDICAL PASSES AND MEDICAL ORDERS PLACE WITHIN READING DISTANCE, LESS THAN TWO FEET FROM HIS FACE. OFFICER BROWN DISCRIMINATED ACTIONS AGAINST THE PLAINTIFF WHEN CURSE RACIAL SLURS TO THE PLAINTIFF, "FUCKING PIECE OF SHIT MEXICAN" REFERRING TO THE PLAINTIFF HISPANIC HERITAGE. OFFICER BROWN'S ACTIONS OF DELIBERATE INDIFFERENCE LEAD DIRECTLY TO THE ILLEGAL APPLICATION OF EXCESSIVE FORCE USED AND APPLIED

BY THE OTHER CORRECTIONAL OFFICERS NAMED AS CO-DEFENDANTS IN THIS § 1983 COMPLAINT. THESE ACTION USED BY OFFICER BROWN VIOLATED PLAINTIFF PEREZ MARTINEZ EIGHTH AMENDMENT, WHEN HE WAS TREATED WITH CRUEL AND UNUSUAL PUNISHMENT. THIS ACTION VIOLATED HIS EIGHTH AMENDMENT OF HIS PROTECTED RIGTH'S UNDER THE CONSTITUTION OF THE UNITED STATES. OFFICER BROWN VIOLATED THE PLAINTIFF'S FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HE RACIALLY USED RACIAL CURSE SLURS DISCRIMINATION. WHEN HE REFERRED TO PLAINTIFF PEREZ MARTINEZ AS YOU PIECE OF FUCKING MEXICAN SHIT." WITH THE CONSTITUTIONAL VIOLATIONS VIOLATED AGAINST PLAINTIFF MARTINEZ, THE DEFENDANT OFFICER BROWN, RANDALL CAUSE, AND WILL CONTINUE TO CAUSE THE PLAINTIFF PAIN, SUFFERING PHYSICAL INJURIES AND EMOTIONAL DISTRESS.

29. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY OF LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANT; OFFICER BROWN RANDALL.

30. DEFENDANT, SGT. LYNTON USED EXCESSIVE FORCE AGAINST PLAINTIFF PEREZ MARTINEZ BY INITIATING THE BEATING WHEN HE BODY SLAM THE PLAINTIFF TO THE GROUND MAKING THE HEAD OF THE PLAINTIFF HIT THE GROUND FIRST, WHILE PLAINTIFF HANDS WERE HANDCUFF BEHIND THE BACK, AND LEGS ARE RESTRAINT WITH SHACKLES. SGT. LYNTON FURTHER CONTINUE TO USE EXCESSIVE FORCE BY KICKING THE PLAINTIFF TO THE RIGTH FRONT AREA OF PLAINTIFFS RIB CAGE REPEATED TIMES SO HARD THAT RESULTED IN SEVERAL BROKEN RIBS. DEFENDANT, SGT LYNTON THEN DRAG THE PLAINTIFF FOR MORE THAN THREE HUNDRED FEET ON THE GROUND WITH THE HELP OF CO-DEFENDANT SGT. SLAYTON. DEFENDANT, SGT. LYNTON'S VIOLATED PLAINTIFF PEREZ MARTINEZ RIGTHS UNDER TH EIGTHT AMENDMENT TO THE UNITED STATES CONSTITUTION. THESE ILLEGAL ACTIONS BY

DEFENDANT SGT. LYNTON ARE CAUSING AND WILL CONTINUE TO CAUSE PLAINTIFF PEREZ MARTINEZ PAIN, SUFFERING, PHYSICAL INJURIES AND EMOTIONAL DISTRESS,

31. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANT, SGT. LYNTON.

32. SGT. SLAYTON USED EXCESSIVE FORCE ON PLAINTIFF PEREZ MARTINEZ WHEN HE JOINS IN THE BEATING OF PLAINTIFF THAT IS BEING ADMINISTER BY CO-DEFENDANTS, SGT. BECERRA AND SGT. LYNTON. SGT. SLAYTON STARTS TO KICK THE PLAINTIFF RIBS, ON THE SAME AREA THAT SGT. LYNTON DELIVER THE HARD VICIOUS KICKS TO THE FRONT, RIGHT SIDE OF THE PLAINTIFF RIB CAGE AREA. SGT. SLAYTON CONTINUES THE EXCESSIVE USE OF FORCE BY KICKING PLAINTIFF PEREZ MARTINEZ ON RIGTH KNEE, AND RIGH HAMSTRING AREA TO PLAINTIFF RIGTH LEG. SGT. SLAYTON DRAGS THE PLAINTIFF FOR OVER THREE HUNDRED FEET WITH THE HELP OF CO-DEFENDANT SGT. LYNTON. BY THIS ILLEGAL ACTIONS DEFENDANT SGT. SLAYTON VIOLATED PLAINTIFF PEREZ MARTINEZ RIGHTS UNDER THE EIGTHT AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND CAUSE, AND WILL CONTINUE CAUSING THE PLAINTIFF PAIN, SUFFERING, PHYSICAL INJURIES AND EMOTIONAL DISTRESS.

33. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONG'S DESCRIBED HEREIN. PLAINTIFF PEREZ MARTINEZ HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INTURED BY THE CONDUCT OF THE DEFENDANT, SGT. SLAYTON.

34. DEFENDANT CAPTAIN JOHN DOE ALSO JOINS THE BEATI.
THAT IS BEING INFLICTED TO THE PLAINTIFF BY THE CO-
DEFENDANT'S SGT. BECERRA, SGT. LYNTON, AND SGT. SLAYNTON
CAPTAIN JOHN DOE PLACES ONE FOOT AGAINST THE PLAINTIF
HEAD AND PRESSES PLAINTIFFS HEAD HARD AGAINST THE
GROUND. CAPTAIN JOHN DOE PROCEEDS BY PLACING HIS
OTHER FOOT ON PLAINTIFF'S LEGS THAT ARE UNDER RESTRAIN
BY CHAIN AND SHACKLES. CAPTAIN JOHN DOE STEPS ON
THE STRETCH OUT CHAIN OF SHACKLES AND JUMPS ON
THE CHAIN THIS CAUSES EXCESSIVE PAIN TO PLAINTIFF'S
ANKLES AND KNEES DUE TO THE POSITION OF PLAINTIF
BODY THAT IS LAID OUT ON GROUND FACE TO THE GROUN
CAPTAIN JOHN DOE USES MORE EXCESSIVE FORCE BY
SPRAYING A FULL CONTENTS OF A LARGE PEPPER SPRAY
CHEMICALL ALL OVER PLAITIFF'S HEAD, EYES, AND NOSE
TO A POINT OF NEAR ASPHYXIATION. THIS CAUSES
A SEVERE AND DANGEROUS EFFECT TO THE PLAINTIFF
THE PLAINTIFF HAD A MEDICAL ORDER THAT DUE TO HIS
MEDICAL CONDITIONS, AT NO TIME IS HE TO BE
SPRAYED WITH CHEMICAL PEPPER SPRAY.

35. DEFENDANT, CAPTAIN JOHN DOE ACTION VIOLATED THE
PLAINTIFF'S RIGHT'S UNDER THE EIGHTH AMENDMENT
TO THE UNITED STATES CONSTITUTION. THESE ILLEGAL ACTION
CAUSE AND WILL CONTINUE TO CAUSE THE PLAINTIFF PAIN,
SUFFERING, PHYSICAL INJURIES AND EMOTIONAL DISTRESS.

36. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE REMED
AT LAW TO REDRESS THE WRONG'S DESCRIBED HEREIN.
PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE
IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDAN
CAPTAIN JOHN DOE.

37. DEFENDANT, OFFICER COOPER ACTIONS VIOLATED THE PLAITIFFS RIGTHS TO THE EIGTHT AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HE DENIED, AND WILLFULLY NEGLEGTED TO PROVIDE MEDICAL ATTENTION TO THE PLAINTIFF FOR HIS PHYSICAL INJURIES AND SEVERE PAIN. OFFICER COOPER CONTINUED TO VIOLATE PLAINTIFF'S RIGTH'S TO THE EIGHTH AMENDMENT WHEN HE FORCE THE PLAITIFF TO STRIP OF ALL OF HIS CLOTHING, AND REMOVE THE MATTRES SHEETS, AND BLANKETS ASSIGN TO CELL 114 IN CONFINEMENT WERE THE PLAINTIFF WAS ASSIGN. OFFICER COOPER ASSIGN TO QUAD-4 WERE PLAINTIFF WAS CONFINED FORCED THE PLAINTIFF TO SLEEP ON A BARE STEEL BUNK AND DEPRIVED PLAINTIFF OF HIS RIGTH TO MEDICAL CARE FOR A CONTINIOUS PERIOD OF OVER 72 HOURS.

38. DEFENDANT COOPER'S ACTIONS VIOLATED PLAINTIFF PEREZ MARTINEZ RIGHT'S UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CAUSE AND WILL CONTINUE TO CAUSE THE PLAINTIFF PAIN, SUFFERING, PHYSICAL INJURIES AND EMOTIONAL DISTRESS

39. PLAINTIFF PEREZ MARTINEZ HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANT, OFFICER COOPER

# VI PLAINTIFF HAS EXHAUSTED ALL AVAILABLE LEGAL REMEDIES

40. PLAINTIFF PEREZ MARTINEZ USE THE PRISONER GRIVANCE PROCEDURE AVAILABLE AT THE STATE OF FLORIDA DEPARTMENT OF CORRECTIONS TO TRY AND SOLVE THE PROBLEM. ON NOVEMBER 2, 2017 HE PRESENTED A GRIEVANCE NO: 1711-218-026 GRIEVANCE WAS APPROVED FOR REVIEW. SEE EXHIBIT (D).

41. GRIEVANCE REVIEW DECISION WAS NEVER ADDRESS OR PROVIDED

42. INMATE REQUEST's WERE MADE FOR REVIEW DECISION IMFORMATION. REQUEST's MADE THROUGH APPROVED D.O.C. METHODS. NONE OF THE SENT REQUEST FOR IMFORMATION THREE (3) IN TOTAL WERE EVER ANSWER BACK.

43. PLAINTIFF MARTINEZ FILED APPEAL REVIEW. D.O.C. CLAIMED THEY NEVER RECEIVED APPEAL REVIEW.

44. PLAINTIFF MARTINEZ FILED GRIEVANCE FOR EVENTS THAT LEAD TO BEATINGS ON 9-27-2017 DUE TO WORK ISSUES RESTRICTIONS THAT PREVENTED HIM FROM WORK ASSIGNMENT IN FOOD SERVICE GRIEVANCE NO: 17-6-45682 ON 11-2-2017. GRIEVANCE RETURNED AS NO ACTION TAKEN ON 11-16-2017. SEE EXHIBIT (E)

45. PLAINTIFF P. MARTINEZ FILED GRIEVANCE FOR RETALIATION PRACTICE BY CORRECTIONAL OFFICERS GRIEVANCE FILED 11-6-2017. TAKE NOTE OF ANSWER GIVEN. SEE EXHIBIT (F).

46. PLAINTIFF PEREZ MARTINEZ NEVER RECEIVED RESPONSE, OR REMEDIES AFTER FILING THREE GRIEVANCES. FURTHER REQUEST'S MADE FOR ANSWER TO RESPONSES PENDING, AND REVIEWS WERE NEVER RECEIVED WAS ANSWER'S PROVIDED BY ADMINISTRATION. COPIES OF FILED GRIEVANCES AS PROVE ARE OFFERED IN EXHIBITS (D),-(E), AND (F).

47. PLAINTIFF P. MARTINEZ MANAGED TO GET COPIES OF MEDICAL PASSES THAT WERE LOST AFTER HIS BEATINGS ON 9-27-17. THE MEDICAL PASSES WERE ON PLAINTIFF P. MARTINEZ POSSESSION ON 9-27-18. THE PLAINTIFF ATTEMPTED TO SHOW AND PRESENT THE ABOVE MENTION PASSES TO SGT. BECERRA, OFFICER BROWN, AND CAPTAIN JOHN DOE ON THE DAY OF THE BEATINGS, 9-27-17. SEE PROVIDED COPIES OF PASSES ON OFFERED EXHIBIT- (B).

48. PLAINTIFF P. MARTINEZ MADE SEVERAL REQUEST'S TO MEDICAL DEPARTMENT TO HAVE MEDICAL PASSES RENEWED, AND PROVIDED CHANGE OF WORK ASSIGNMENT. SEE OFFERED EXHIBIT (A).

49. PLAINTIFF P. MARTINEZ SHARED CELL 114 DURING PART OF HIS TIME SPENT ON CONFINEMENT. PLAINTIFF P. MARTINEZ CELL MATE OFFERED A SWORN AFFIDAVIT AS TO THE PLAINTIFF INJURIES THAT WERE VISIBLE TO HIM. SEE EXHIBIT (C) SWORN AFFIDAVIT OFFERED BY PLAINTIFF PEREZ MARTINEZ. INMATE MORGAN ALLEN ARMSTRONG

# VII DESCRIPTION OF PERMANENT
## INJURIES POSSIBILITIES

### EYES

50. PLAINTIFF P. MARTINEZ SIGTH VISION WAS NOT 20/20 PRIOR TO BEATINGS ON 9-27-2017

51. PLAINTIFF PEREZ MARTINEZ SIGTH SUFFER DRASTIC AND WORSEN TREMENDOUSLY AFTER THE APPLICATION OF CHEMICAL PEPPER SPRAY APPLIED DIRECTLY TO EYES, FACE, AND NOSE, AND WAS NOT PROVIDED WITH MEDICATION OR FOLLOW UP MEDICAL CARE.

52. THERE IS CONSTANT IRRITATION AND ITCHING TO BOTH EYES AND VISION IS ALWAYS CLOUDY AFTER CHEMICAL PEPPER SPRAYING DIRECTLY INTO THE EYES APPLIED BY CAPTAIN JOHN DOE.

### RESPIRATION DIFFICULTY

53.

AFTER THE PLAINTIFF SPRAYING OF CHEMICAL PEPPER SPRAY WAS APPLIED TO NOSE AREA ON 9-27-17. THE PLAINTIFF SUFFERS FROM ALLERGIES THAT WERE NOT PRESENT PRIOR TO PEPPER SPAYING. PLAINTIFF HAS CONTINIOUS NIGHTLY STUFFY NOSE, PLAINTIFF P., MARTINEZ SUFFERS FROM RESPIRATORY DIFFICULTIES SHORTNESS OF BREATH SINCE THE DIRECT SPRAYING OF CHEMICAL PEPPER SPRAY APPLIED ON 9-27-17.

### RIB CAGE FRACTURES AND BROKEN

54. PLAINTIFF P. MARTINEZ SUFFERED BROKEN AND MULTIPLE FRACTURED RIBS AS THE RESULT OF BEATING AND KICKIN TO RIB'S AREA APPLIED BY SGT. LINTON AND SGT. SLAYTON ON 9-27-17,

55. PLAINTIFF P. MARTINEZ WAS NOT PROVIDED WITH PROPER MEDICAL CARE TO RIB INJURIES OR ANY OTHER INJURIES SUBSTAINED AS A RESULT OF THE BEATING INFLICTED ON 9-27-17.

56. PLAINTIFF P. MARTINEZ RIBS INFLICTED INJURIES NEVER HEAL PROPERLY. THE RIB BONES BUMPS ARE FELT BY HAND TOUCH. THE RIB CAGE PAIN IS STILL PRESENT AFTER 8 MONTHS OF THE DAY OF BEATINGS.

## INJURY TO RIGTH KNEE

57. PLAINTIFF P. MARTINEZ SUFFERS SEVERE RIGTH KNEE SWELLING. PLAINTIFF P. MARTINEZ BELIEVES KNEE INJURY MAY INVOLVED LIGAMENTS AND TENDON DAMAGE. PLAINTIFF P. MARTINEZ NEVER HAD KNEE PROBLEMS PRIOR TO INFLICTED INJURIES AS A RESULT OF 9-27-17 BEATINGS.

## INJURY TO ANKLES

58 PLAINTIFF P. MARTINEZ SUFFERS ANKLE SWELLING TO BOTH, RIGTH, AND LEFT ANKLES. PLAINTIFF NEVER HAD ANKLE PROBLEMS PRIOR TO CAPTAIN JOHN DOE JUMPING ON LEG SCHACKLES WORN ON PLAINTIFF'S LEGS ON 9-27-17.

## EMOTIONAL DISTRESS

59. AS A RESULT OF BEATING, INJURIES, AND DIFFICULTIES WALKING, PLAINTIFF P. MARTINEZ SUFFERS FEELINGS OF INFERIORITY AND HAS DEVELOP COMPEX DUE TO PHYSICAL IMPAIRMENTS THAT A CANE AND POSSIBLY A WALKER IN THE NEAR FUTURE BE NEEDED TO WALK PLAINTIFF IS NOW DEPENDENT ON USE OF A CANE DUE TO KNEE AND ANKLES INJURIES

60. PLAINTIFF HAS DEVELOP A CONCIOUS AND SUBCONCIOUS FEAR FOR THE CORRECTIONAL OFFICER AND LIVES A CONSTANT FEAR OF FUTURE BEATINGS.

61. PLAINTIFF HAS LOST THE ABILITY TO CARRY ON NORMAL LIFE ROUTINES AND DAILY LIFE FUNCTIONS AS A RESULT OF HIS SUBCONCIOUS FEAR AND TERROR TO PAST AND POSSIBLLE FUTURE BEATINGS

62. PLAINTIFF ONGOING DAILY DISTRESS IS, AND WILL CONTINUE TO AFFECT HIM WITH DAILY ANXIETY, AND EXCESSIVE STRESS, AS A RESULT OF BEATINGS INFLICTED INTURIES RECEIVED ON 9-27-17 AT THE HANDS OF THE SIX(6) NAMED CORRECTIONAL OFFICERS NAMED AS DEFENDANT'S IN THIS § 1983 CIVIL LAW SUIT COMPLAINT. ALL THE NAMED DEFENDANT'S WERE CORRECTIONAL OFFICER'S FOR THE STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, AND WORK AT TAYLOR CORRECTIONAL INSTITUTION LOCATED AT PHYSICAL ADDRESS, 8501 HAMPTON SPRINGS RD. PERRY, FL. 32348, ON THE DAY OF THE BEATINGS TO PLAINTIFF PEREZ MARTINEZ SEPTEMBER 27th, 2017.

# VIII INDEX LIST OF EXHIBITS

63. EXHIBIT ( A ) INMATE REQUEST FOR RENEWAL
OF MEDICAL PASSES

64. EXHIBIT ( B ) COPIES OF INMATE
MEDICAL ISSUED PASSES

65. EXHIBIT ( C ) COPIES OF PLAINTIFF
P. MARTINEZ CONFINEMENT
CELL MATE SWORN AFFIDAVIT

66. EXHIBIT ( D ) PLAINTIFF P. MARTINEZ
FILED GRIEVANCE COPIES
GRIEVANCE NO: 1711-218-026
FILED DATE - 11-2-17

67. EXHIBIT ( E ) PLAINTIFF P. MARTINEZ
FILED MEDICAL GRIEVANCE
GRIEVANCE NO: 17-6-45682
DATE FILED 11-2-2017.

68. EXHIBIT ( F ) PLAINTIFF PEREZ MARTINEZ
FILED MEDICAL GRIEVANCE FOR
INJURIES AND RETALIATIN AS TO
OTHER PREVIOUS FILED GRIEVACES.
GRIEVANCE NO: 1711-218-017
FILED DATE - 11-6-2017

## IX PRAYER FOR RELIEF.

69. WHEREFORE PLAINTIFF RESPECTFULLY PRAY THIS COURT ENTER JUDGEMENT

70. GRANTING PLAINTIFF ORLANDO PEREZ, MARTINEZ A DECLARATION TO THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

71. GRANTING PLAINTIFF ORLANDO PEREZ MARTINEZ COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.00 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

72. PLAINTIFF SEEK'S PUNITIVE DAMAGES IN THE AMOUNT OF $75,000.00 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

73. PLAINTIFF ALSO SEEK'S EVALUATION BY AN INDEPENDENT FOR TREATED AND UNTREATED INJURIES.

74. PLAINTIFF SEEK'S A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

75. PLAINTIFF ALSO SEEK'S HIS COST IN THIS SUIT, AND COST OF ALL MEDICAL BILLS UP TO DATE.

76. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

## VERIFICATION.

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON IMFORMATION AND BELIEF AND AS TO THOSE, I BELIEVED THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED

BY: ORLANDO PEREZ MARTINEZ

D.C.# M 67226

ADDRESS  x MADISON  CORRECTIONAL INSTITUTION
x 382 MCI WAY
x MADISON, FLORIDA 32340

EXECUTED AT x Madison  · CORRECTIONAL INSTITUTIC

x MADISON  FLORIDA 32340

September  19  2018
MONTH  DAY  YEAR

SIGNATURE: x

NAME: ORLANDO PEREZ MARTINEZ

<u>CERTIFICATE OF SERVICE</u>

I ORLANDO <u>PEREZ PEREZ, MARTINEZ</u> SWEAR UNDER
PENALTY OF 28 U.S.C. § 1746 THAT I FORWARD A
CIVIL COMPLAINT 42 U.S.C. 1983 VIA U.S. MAIL
POSTAL SERVICE INSTITUTIONAL MAIL AS FOLLOWS.
42 U.S.C. 1983 CIVIL COMPLAINT,
        ["USE OF EXCESSIVE FORCE"]
 [FLORIDA DEPARTMENT OF CORRECTIONS]
        [CORRECTIONAL OFFICERS]

<u>TO: ATTN</u>:    CLERK OF COURTS
              UNITED STATES DISTRICT COURT
              NORTHEN DISTRICT
  <u>ADDRESS</u>:    <u>CLERK, U.S. DISTRICT COURT</u>
              <u>111 N. ADAMS STREET,</u>
              <u>TALLAHASSEE, FLORIDA. 32301.7730</u>


 <u>FROM</u>:  ORLANDO P. MARTINEZ

 <u>ADDRESS</u>:   <u>MADISON CORRECTIONAL</u>
              <u>INSTITUTION</u>
              <u>382 MCI WAY,</u>
              <u>MADISON    , FLORIDA. 32340</u>


<u>1-COPY</u> -  SENT TO CLERK OF COURTS
            U.S. DISTRICT COURT NORTHEN DISTRICT

<u>1-COPY</u> -  KEPT FOR PLAINTIFF'S RECORD'S

 <u>SIGN</u> - x _____  DONE THIS DAY OF OUR LORD
 <u>NAME</u>  <u>ORLANDO PEREZ MARTINEZ</u>  <u>September</u>  <u>19</u>   <u>2018</u>
                                  MONTH      DAY    YEAR
                                <u>September</u>  <u>19</u>   <u>2018</u>
            (23 of 23)          MONTH      DAY    YEAR

# EXHIBIT A

COPIES OF
INMATE REQUEST MADE 6-26-17
FOR MEDICAL PASSES RENEWAL

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Orlando Perez Martinez | M67226 | A1-102S | F/C | 6-15-17 |

## REQUEST

Check here if this is an informal grievance ☐

Please, I need you review well my medical record because on 6/11/17 I put in a sick call request for renewal of my pass and where today, 6/16/17, they put me on the callout to see the doctor and where the doctor told me that the medical record does not show that I had any pass. Now I would like to put in the medical record that they have me working in the kitchen where I had an operation on my brain and at moments I'm fine but after working hours in the kitchen I feel great pressure in my head and if you are responsible, if I have an attack and get injured or how I can get a pass to avoid this problem. In 2016, I was sent in an envelope that said Taylor CI a pass for no sharps, heights, a lower bunk designation, no chemicals, or toxic fumes, no push cart or work in kitchen or heat.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: M67226 |
|---|---|

DO NOT WRITE BELOW THIS LINE

Received in Medical

## RESPONSE

DATE RECEIVED: JUN 20 2017

Centurion of FL

Your passes were rewritten on 6/15/17, and should have been issued by this date.

---

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): | Official (Signature) | Date |
|---|---|---|
| B. CORBIN, RN DIRECTOR OF NURSING SUWANNEE CI Taylor 04714/04715 | K Corbin RN DON | 6/20/17 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# EXHIBIT B

COPIES OF ISSUED MEDICAL PASSES

#1- PASS - LOW TIER: NO SHARPS - NO CHEMICALS
OR TOKIC FUMES
NO OPEN FLAMES OR LIVE STEAMS
NO MACHINERY     (PASS ISSUED-6-15-17 ToG-15-18

#-2-PASS - NO WORK  PASS ISSUED 8-26-17

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

**The below-named inmate is authorized for:**

☑ Bed rest lay-in      From _____ To _____
☑ Low/bottom bunk    From _____ To _____
☑ No shave         From _____ To _____
☐ Restricted activity    From 6-15-17 To 6-15-18
☐ Restrictions: NO HTS: LOW TIER: NO SHARPS
     NO CHEMICALS OR TOXIC FUMES
     NO OPEN FLAMES OR LIVE STEAM
     NO MACHINERY
     NO DRIVING: NO OPEN LARGE BODIES OF WATER

☑ Other: _____ From _____ To _____

Inmate P-RTZ . Martinz     012020    Authorized
DC# M G7 226    R/S ___    by: _____
Date of Birth 3-31-65       (Initial & Name Stamp)
Institution _____     Date: 6-15-17

           R. Laubaugh MD
           Chief Medical Officer
           Taylor Correctional

**Health Slip/Pass**
**DC4-701D (2/96)**    White/Medical   Yellow/Security   Pink/Inmate

8-26-17 to 8-30

# FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SLIP/PASS

The below-named inmate is authorized for:

- ☐ Bed rest lay-in
- ☐ Low/bottom bunk    From _____
- ☐ No shave            From _____ To _____
- ☑ Restricted activity From _____ To _____
- ☑ Restrictions: NO WORK  From 8/26/17 To 8/30/17

_____

☐ Other: _____

_____

From _____ To _____

Inmate Ruiz-Martinez Odalys
DC# M62226
Date of Birth 3/31/69    R/S H/M
Institution Taylor C.I.

_____, LPN
Authorized for CI
by: YS
(Initial & Name Stamp)
Date: 8/26/17

Health Slip/Pass
DC4-701D (2/96)

White/Medical  Yellow/Security  Pink/Inmate

# EXHIBIT C

INMATE AFFIDAVIT SIGN 10-19-17
MORGAN ALLEN ARMSTRONG D.C.#M67226
INMATE ARMSTRONG WAS IN CONFINEMT
WITH PEREZ MARTINEZ.

# AFFIDAVIT

RE: ORlando Perez MARTINEZ DC# M67226 G03-201 Confinement cell
accesive force complaint

WRitten by: Morgan Allen Armstrong DC# R09246
cell mate-confinement

I Morgan Allen Armstrong was housed in confinement with MR, MARTinez at Taylor Correctional Institution 8501 Hampton Springs Rd, Perry, FL 32348 in the months of September & October 2017.

During this time he was in confinement for Disiplinary reports but, the officers that took him to confinement beat him up, punches & kicks, what I saw when he got into the cell with me was what looked like a broken rib on the right side of his body top rib, it was very visably bruised, swollen and I could feel the crack thru the skin as part of his rib was pressing against his torso like it was on the verge of splitting his skin open.

During the time he and I where in confinement together, he sent out several sick call forms to medical which it seemed never made it or where ignored, it wasit untill a letter was written to Heather Robinson Operations Manager of the Inspector Generals office (TALLAHassee) did medical take his complaint seriously.

P.1 of 2

The nurses gave him Ibuprophen and sent him back to the cell, how they didn't see what I saw or felt on his torso baffles me, as if they didn't want a medical record of his actual Injuries made, believed.

The afore mentioned is true based upon my Knowledge and belief, and as to belief I believe them to be true.

This Affidavit was executed on 10-19-17 and made in good faith.

Respectfully
Morgan Allen Armstrong
Morgan Allen Armstrong   DC# R09246

# EXHIBIT  D

PEREZ MARTINEZ FILED MEDICAL GRIEVANCE
GRIVANCE IN RELATION TO MEDICAL ISSUES
RESULTING IN NEED TO WORK RESTRICTION
ORDER'S BEING ISSUED BY MEDICAL DEPARTMENT
DATE WRITTEN 11-2-17.
GRIEVACE LOG # 1711-218-026

## PART B - RESPONSE

| PEREZ MARTINEZ, ORLANDO | M67226 | 1711-218-026 | TAYLOR C.I. | G3202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Your allegations have been noted and forwarded to the Inspector General's office for review.

Therefore based on the above information your request for Administrative Remedy or Appeal is approved for review only.

Robert Surles
Asst. Warden - Operations

Shannon Varnes, Warden

| R. Surles | Varnes | 11-16-17 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**MAILED**
11 17 17

1711-218-026

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

**From or IF Alleging Sexual Abuse**, on the behalf of:

| Perez | Orlando | Martinez | M67226 | Taylor co RR. |
|-------|---------|----------|--------|---------------|
| Last | First | Middle Initial | DC Number | Institution |

| Part A – Inmate Grievance |
|---|

Each instiTuTion shall provide a cave free safe enviornment when operaTing wiThin The insTiTuTion by The DepT. of CorrecTions per chapTer 33 (ouTlined in Policy / Procedure) According To records I documenTed The follo wing RequesT was filed in accordace To classi-ficaTion on 9-4-17 in regards of The following medical conditions ThaT resTricTs me from mosT work deTails. In responce given Was compleTed on 9-6-17 and deTermined ThaT because of The medical issues ThaT I have, acTivaTed a change of assignmenT of work deTail. (see file InmaTe RequesT) food Service were noT a ware of The change nor any of The SupervisorsThaT work in food service by ClassificaTion. DepTin ClassificaTion is responsible To advocate a voice SupporTing The severe medical condiTionsThaT I have on file while on any work deTail in The DeparTmenT (see Cla ssificaTion Reponse inThe Response box secT 9-6-17) InsTead, on 9-28-17 I was called To go To food service for work deTail while being escorTed To food Service I advised SgT. Evelyna becerra and included The RequesT and response of The change of work deTail by classificaTion. To no AVAII. This issue I Tried To presenT To officer Brown. Randall D. Who was aT The NorTh side Dinning holl door way prevented meTo express The currenT relaTived facTs To The medical condiTions and change of work deTail. The lack of communicaTions wiThinThe DeparTmenT

11-2-17
DATE

– Continuation –
1 of 3

[signature] M67226
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
\#         Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and

## GRIEVANCE CONTINUATION FORM

is inadequate and should have been considered The
Dept. is at fault if you Review, evaluate, and
compare. The facta I state and The infractions That
were tied in against me, in which was a cover up
because I refused to work in food service That day
when called in To work. Also, while being placed
in hand restraints on my way out from The infirmary
area after a medical evaluation, as soon as I was
escorted out the door I was forcefully dropped and
slammed down To the ground in a malicious intent
without demonstrating a behavior or safety issue.
Improper conduct by staff official Linton K. and
The correctional officer who was assigned in
medical at The infirmary station aria That date
both staff members punched & kicked me in The
ribs, back, stomach, lower parts and chest arias.
Right out side of That area
note That it is a blind spot. Their is no surveilance
camera what so ever to record These claims,
but it is where I sustained These injuries That
still are painful and hurting my body. while
being held down on the ground prison offici-
als Linton, K, The officer who was stationed
in The infirmay at medical and a white unifor-
med officer of The above level utilized che-
mical agents without any reason(s) of behavior
or security issues. once laid on The grass infront
of The infirmary I noticed The white uniformed
officer a bare my face/head area and began
To spray gas in my face while also being
kicked & punched by the other Two (2) official
mentioned in above said information Afterward, I
was felt dragged and escorted to confinement,
Then placed into The shawer of G4 next to cell
G4-114. See. carmera evidence 9-28-17 at
approximate 3:20 am; which will show which
all officer partieipated in The foregoing event
These acts (malicious) occurred. Digital
camera was monitored during placement
in The shower which also can be used as

SIGNATURE AND DC#  M 67226          DATE  11-2-17

| Inmate Grievance Continued |
|---|

evidence on That night/ morning. The recording was done during my entry into confinement and not when chemical agents were utilize earlier. I believe That a Thorough investigation needs to be generated at This time. I am declaring Through proper channels fara review from ECT and To be interviewed immediately by The Inspector general because I fear Returning To the open population That These officers may hurt me if and when rele ased Appriiiat your assistance in This matter.

11-2-17
DATE

3 of 3

SIGNATURE OF GRIEVANT AND D.C. #
M67226

# EXHIBIT E

PEREZ MARTINEZ FILED MEDICAL GRIVANCE.
GRIVANCE FOR EVENTS THAT LEAD TO PEREZ
MARTINEZ BEATINGS ON 9-27-18 DUE TO WORK
ISSUES RESTRICTION THAT WOULD NOT ALLOW
HIM TO WORK IN THE KITCHEN FOOD SERVICE.
GRIEVANCE WRITTEN ON 11-2-17.
GRIEVANCE NO: 17-G-45682

WITH AGENCY CLERK

NOV 2 9 2017

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| PEREZ MARTINEZ, ORLANDO | M67226 | 17-6-45682 | TAYLOR C.I. | G3202L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

A. Paynter

_A. Paynter_

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11/16/17 DATE |
|---|---|---|

RECEIVED

NOV 1 3 2017

Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Perez | Orlando | Martinez | M67226 | Taylor CORR. |
|-------|---------|----------|--------|--------------|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance 17-6-45682

Each institution shall Provide a cave free safe enviornment when operating within the institution by the Dept. of correction ns per chapter 33 (outlined in Policy/Procedure) According to records I documented The follo wing Request was filed in accordace To classification on 9-4-17 in regards of the follo wing medical conditions that restricts me from most work details. In response given was completed on 9-6-17 and determined that because of the medical issues that I have, activated a change of assignment of work detail (See file Inmate Request) food service were not aware of the change nor any of the supervisors that work in food Service by classification. Dept in classification is responsible To advocate a voice supporting the severe medical conditions that I have on file while on any work detail in the Department (See classification Response in The Response box secti ON 9-6-17 Instead, on 9-28-17 I was Called To go To food service for work detail while being escorted To food service —
I advised Sgt. Evelyna Becerra and included The Request and response of The change of work detail by classification. To no AVAIL. This issue I tried to present to officer Brown. Rondall D. Who was at The North side Dinning hall door way prevented me To express The Current relative

| 11-2-17 | | |
|---------|---|---|
| DATE | 1 OF 3 | CLARK M67226 |
| | | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
# Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED

NOV 06 2017

TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

Submitted by the inmate on: _____
(Date)

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 17MR1726

P. Clague
(Received by)

DISTRIBUTION:          INSTITUTION/FACILITY                    CENTRAL OFFICE
                       INMATE (2 Copies)                       INMATE
                       INMATE'S FILE                           INMATE'S FILE - INSTITUTION./FACILITY
                       INSTITUTIONAL GRIEVANCE FILE            CENTRAL OFFICE INMATE FILE
                                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                    Incorporated by Reference in Rule 33-103.006, F.A.C.

facts To The medical conditions and change of work detail. The lack of communications within The Department is inadequate and should have been considered The Dept. is at fault if you Review, evaluate, and compare. The facts I state and The infractions that were tied in against me, in which was a cover up because I refused to work In good service That day when called into work. Also, while being placed in hand restraints on my way out from the infirmary aria after a medical evaluation, as soon as I was escorted out The door I was forcefully dropped and slammed down to The ground In a malicious intent without demonstrating a behavior or safety issue. Improper conduct by staff official Linton, K and The Correctional Officer who was assigned in medical at The infirmary station aria That date both staff members punched & kicked me in The ribs, back, stomach, lower parts and chest areas. Right outside of That area (infirmary/medical) note that it is a blind spot. Their is no surveilance camera whatso ever to record These claims, but it is where I sustained These injuries That still are painful and hurting my body. While being held down on The ground prison officials Linton, K The officer who was stationed in The infirmay at medical and a white uniformed officer Of The above-level utilized chamical agents without any reason(s) of behavior or security issues. Once laid on the grass infront Of The infirmary I noticed The white uniformed

### CONTINUATION OF REQUEST OR GRIEVANCE/APPEAL

Officer above my Face/head area and began to Spray gas in my face while also being Kicked & punched by The other Two (2) official mentioned in above said information Afterward, I was felt dragged and escorted To confinement Then placed into The shower of G4 next To cell G4-114 See camara evidence 9-28-17 at approximate 3:20 am, which will Show which all officer participated in The foregoing event These acts (malicious) occurred. Digital camara was monitored during placement in The shower which also can be used as evidence that night/morning. The recording was done during my entry into confinement and not when chamical agents Were utilize earlier. I believe that a Thorough investigation needs To be generated at This Time. I am declaring Through proper channels for a review from ICT and To be interviewed immediately by The Inspector General because I fear returning To the open population That These officers may hurt me if and when release. Appreciate your assistance in this matter.

_____ M67226            11-2-17
SIGNATURE AND DC#              DATE

# EXHIBIT F

PEREZ MARTINEZ MEDICAL GRIEVANCE
FILED 11-6-17.
GRIEVANCE FILED FOR RETALIATION
PRACTICE BY C.O.
ANSWER'S GIVEN ON FILED GRIEVANCE
ANSWER OF REVIEW WAS NEVER GIVEN
GRIEVANCE NO: 1711-218-017

## PART B - RESPONSE

| PEREZ MARTINEZ, ORLANDO | M67226 | 1711-218-017 | TAYLOR C.I. | G3202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Your allegations have been noted and forwarded to the Inspector General's office for review.

Therefore based on the above information your request for Administrative Remedy or Appeal is approved for review only.

Robert Surles
Asst. Warden - Operations

Shannon Varnes, Warden

| _R Surles_ | _S Varnes_ | _11-16-17_ |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**MAILED**
11/17/17

1711-218-017

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

MARTINEZ PEREZ MARTINEZ     M67226     Taylor CI, MNSN

Last   First   Middle Initial     DC Number     Institution

---

**Part A – Inmate Grievance**

ms/mrs Worden:

I would like to know until when is it going to be injustice That is against me? number one, Seems To me That The mail Room departament is either holding, Throwing away, or it's not going To where it should go because on Oct. 2nd 2017 I receive mail from my son with about (20) single picture in Three envelopes Out of (20) picture two of The were cut in half and damaged Also, at The legal mail department all my legal mail going out has been either block or delayed. I want you to Know That these I am raising are federal issues.

In Addition, Mr/Mrs. Worden

I find myself here where I am in confinement. I dont want to sustain any more trouble, and retaliatory behavior while here in confinement because their are hint sight areas where malicious intentional acts may occur. my life back here as well as in open population At Taylor has me in fear. I am making you aware of These issues because I am in constant thought of when leaving my cell That the officers may beat and hurt me. Grievances have been filed. Improper conduct and letters have been sent to I.G.

Please consider This missive Thanks very much.

11-6-2017
DATE            [signature] M67226
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

# 1     [signature]
Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**RECEIVED**

NOV 06 2017

TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

Submitted by the inmate on:    NOV 06 2017
(Date)

DISTRIBUTION: INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 1711-218-017    020

K. Edwards
(Received By)

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)     Incorporated by Reference in Rule 33-103.006, F.A.C.

IRV
LP

ORLando Perez Martinez DC# 67226—Dorm E.116L

MADISON CORRECTIONAL
INSTITUTION
382 MCI WAY, MADISON, FL
32340

MAILED FROM
MADISON CORRECTIONAL
INSTITUTION



U.S. POSTAGE ⊘ PITNEY BOWES

ZIP 32340
02 4W        $ 003.52
0000348116 NOV 19 2018



CHECKED NOV 21 2018

CLERK OF COURTS
UNITED STATES DISTRICT COURT
NORTHEN DISTRICT
CIERK, U.S. DISTRICT COURT
111 N. ADAMS STREET.
TALLAHASSEE, Florida, 32301, 7730

**LEGAL MAIL**

Provided to Madison C... on
11/9/06 or mailing by... lutes

Date



Legal Mail