IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ-MARTINEZ
DOC# M67226,

    Plaintiff,

vs.                                          Case No. 4:18-CV-546-WS-MJF

K. LINTON, ET AL.,

    Defendants.
_____/

## DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

    **Sgt. Ryan Slayton** and **Sgt. Kyle Linton** ("Defendants"), hereby answers **Orlando Perez-Martinez's** ("Plaintiff") Complaint, (Doc. 1)[1], as follows:

**III.**     **EXHAUSTION OF ADMINISTRATIVE REMEDIES** (*Id*. at 2).

Without statement as instructions are being given.

**IV.**     **PREVIOUS LAWSUITS** (*Id*. at 2-5)

Deny as without knowledge.

**V.**     **STATEMENT OF FACTS** (*Id*. at 5-6)

No statement as there are no allegations.

**VI.**     **STATEMENT OF CLAIMS** (*Id*. at 7)

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

No statement as there are no allegations.

## VII.   RELIEF REQUESTED (*Id*. at 7)

No statement as there are no allegations.

## VIII.   DEFENDANT(S) (*Id*. at 9)

1-2. Admit.

3-6. Deny as without knowledge.

No statement as Plaintiff indicates in what capacity he is suing Defendants.

## IX.   JURISDICTION AND VENUE (*Id*. at 10).

1-2. Admit that Plaintiff's lawsuit is in the proper venue.

## X.   PLAINTIFF

3. Admit.

## XI.   DEFENDANTS (*Id*. at 10-12).

4. Admit that Defendant used force on Plaintiff. Deny the remainder of Plaintiff's allegations.

5. Admit that Defendant used force on Plaintiff. Deny the remainder of Plaintiff's allegations.

6-9. Deny as without knowledge.

10. No statement as Plaintiff indicates in what capacity he is suing Defendants.

## XII.   FACTS AND ALLEGATIONS

11. Admit.

2

12-14. Deny as without knowledge.

15. Admit that Defendants escorted Plaintiff and used force on Plaintiff. Deny the remainder of Plaintiff's allegations.

16-20. Admit that Defendants used force on Plaintiff. Deny the remainder of Plaintiff's allegations.

21. Deny.

22. Admit that Plaintiff was given a decontamination shower based on the use of force on Plaintiff.

23. Deny as without knowledge.

24. Deny that Plaintiff was not given medical treatment upon request. Deny without knowledge the remainder of Plaintiff's allegations.

25. Deny as without knowledge.

**XIII. STATEMENT OF LEGAL CLAIMS** (*Id*. at 17-21)

26-39. Deny.

**XIV. EXHAUSTION** (*Id*. at 22-23)

40-49. Plaintiff appears to have exhausted his administrative remedies.

**XV. DESCRIPTION OF INJURIES** (*Id*. at 24-26)

50-61. Deny that Plaintiff suffered any injury.

**XVI. INDEX LIST OF EXHIBITS** (*Id*. at 27)

No statement as Plaintiff lists his exhibits.

## XVII. PRAYER FOR RELIEF (*Id.* at 28)

69-76. Deny that Plaintiff is entitled to any relief whatsoever.

## XVIII.    DEFENSES AND AFFIRMATIVE DEFENSES

1.   Plaintiff fails to state a cause of action against Defendants.

2.   Plaintiff fails to state a claim upon which relief can be granted.

3.   Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution.

4.   Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury.

5.   Defendants are entitled to Qualified Immunity for their actions relative to the incident set forth in Plaintiff's Amended Complaint.

6.   Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Defendants as required for liability under 42 U.S.C. §1983.

7.   Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendant.

8.   The actions taken by Defendants about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

9. Plaintiff failed to mitigate his own injuries.

10. Defendants are entitled to a finding of self-defense in their favor based on the facts of this case.

## XIX. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## XX. DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Answer, Defenses, and Affirmative Defenses* was e-filed electronically through CM/ECF on June 24, 2019, and furnished by U.S. Mail to: Orlando Perez-Martinez, DOC# M67226, Madison Correctional Institution, 382 Southwest MCI Way, Madison, Florida 32340-4430 on June 24, 2019.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com