UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ MARTINEZ,

    Plaintiff,

v.                                          Case No.  4:18-cv-546-WS/MJF

SERGEANT K. LINTON, et al.,

    Defendants.
_____/

**CASE MANAGEMENT AND SCHEDULING ORDER**

    Defendants Linton and Slayton have filed an answer (Doc. 19) to Plaintiff's complaint. Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

    **(1)  Discovery Period**.  Plaintiff and Defendants are directed to conduct discovery so that the due date of any discovery requested shall not be later than **November 8, 2019**. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, no

Page 1 of 6

extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed R. Civ. P. 6(b). The filing of motions **SHALL NOT** operate to toll or extend the discovery cut-off date set forth in this paragraph.

**(2) Rule 26 Requirements**. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* Plaintiff are not required to meet or make initial disclosures.

Costs for any requested discovery shall be borne by the party making the request.

At some point in the future, the parties are advised that they may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

**(3) Interrogatories and Requests for Production**.  The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all discrete subparts. The number of requests for production to any party may not exceed 25.

**(4) Schedule**.  The following schedule shall apply to this case:

(a) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(b)  Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, not later than **21 days** after the close of discovery.

(c)  Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

(d)  The court may dispose of motions without a hearing.  N.D. Fla. Loc. R. 7.1(K).

**(5) Discovery Obligations**.  The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If Defendants' counsel or the *pro se* Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery requests may be made only as authorized by Fed. R. Civ. P. 29 and N.D. Fla. Loc. R. 6.1.

**(6) Rule 37 Sanctions**.  If a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Prior to filing a motion to compel, the moving party must provide certification that the "movant has in good

faith conferred or attempted to confer with the party not making the disclosure" in an effort to avoid judicial intervention. Fed. R. Civ. P. 37(a)(1).

**(7)** **Resolution of Discovery-Related Issues**.  Counsel and the *pro se* Plaintiff must attempt to resolve discovery-related issues without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Fed. R. Civ. P. 37, and shall be in the form required by Local Rule 26.1(D). The parties' attention is also directed to the provisions of Rule 26(b)(1) and (g), Federal Rules of Civil Procedure (over-discovery and the parties' obligations).

**(8) Summary Judgment Motions**.  Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, shall be accompanied by a supporting memorandum that complies with the form and length requirements of Local Rule 56.1(B). The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. A statement of facts must not be set out in a separate document.

If the Plaintiff is the opposing party, he or she will be directed to submit a response to any such motion and may await the issuance of an order specifically

directing the response. The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve an opposing memorandum and any opposing evidence not already in the record. N.D. Fla. Loc. R. 56.1(C). The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

The statement of facts in each party's memorandum must reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source. N.D. Fla. Loc. R. 56.1(F). The court may, but need not, consider record evidence that has not been properly cited.  N.D. Fla. Loc. R. 56.1(F).

**(9)** **Non-Filing of Rule 26 Disclosures and Discovery Materials**.  In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the clerk** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the court. The parties need not serve and **shall not file with the**

**clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**(10)** **Amendments**.  This order may be amended by the court on its own motion or upon motion of any party.

**SO ORDERED** this 9th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**