IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ-MARTINEZ
DOC# M67226,

    Plaintiff,

vs.                                                       Case No. 4:18-CV-546-WS-MJF

K. LINTON, ET AL.,

    Defendants.
_____/

## MOTION FOR PARTIAL SUMMARY JUDGMENT

       The Defendants Becerra, Brown, Buckley, Cooper, Linton, and Slayton, by and through the undersigned counsel, moves for partial summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure and in support thereof states the following:

      **I.**     **Preliminary Statement, Procedural History, and Allegations**

       1.     The Plaintiff, Orlando Perez-Martinez, DC# M67226, is a state prisoner in the custody of the Florida Department of Corrections and serving a thirty-year sentence for multiple felony convictions.

       2.     On November 19, 2018, the Plaintiff initiated this 42 USC § 1983 action by mailing his complaint alleging violations of his constitutional rights against the Defendants. ECF No. 1.

       3.     In the Complaint, the Plaintiff specifically alleges that Defendants Becerra, Brown, Buckley, Cooper, Linton, and Slayton violated the Plaintiff's Eighth Amendment constitutional rights by using excessive or unnecessary force. *Id.*

       4.     The Plaintiff sued the Defendants in their individual and official capacities. *Id.* at 9.

       5.     For relief, the Plaintiff requested compensatory damages totaling $100,000.00 from

each defendant and $75,000.00 in punitive damages from each defendant. *Id.* at 28.

## II. <u>**Standard for Summary Judgment.**</u>

Summary judgment is proper if the pleadings and sworn statements show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). After the movant brings evidence to demonstrate that lack of a case for each element of the claim(s), the nonmovant must provide evidence to disputing each element, <u>id.</u> at 322, where all reasonable inferences, not implausible inferences, are made in that party's favor. <u>Cuesta v. School Bd. of Miami-Dade County</u>, 285 F.3d 962, 970 (11th Cir. 2002). To create an issue of fact for trial sufficient to defeat a well-support summary judgment motion, the non-movants evidentiary material must consist of more than conclusory, uncorroborated allegations from an affidavit or deposition. <u>West v. Higgins</u>, 346 F. App'x 423, 425 (11th Cir. 2009) (unreported op.) (citing <u>Early v. Champion Int'l Corp.</u>, 907 F. 2d 1077, 1081 (11th Cir. 1990)). For the factual issues to be genuine, they must have a real basis in the record, and cannot be based merely on unsupported factual allegations. <u>Earley</u>, 907 F.2d at 1081.

## III. <u>**Plaintiff's claims for damages against the Defendants in their official capacities are barred by the Eleventh Amendment of the United States Constitution.**</u>

Plaintiff's claims are pled as a suit against the Defendants as employees of the Florida Department of Corrections and in their official capacities, and therefore, the claims are deemed to be a suit against the state for Eleventh Amendment purposes. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit for damages brought by a private individual against a state in federal court. <u>Federal Maritime

Comm'n v. South Carolina State Ports Auth., 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Gamble v. Florida Dep't of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends also to state agents and state instrumentalities (Regents of the Univ. of California v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997)), and arms of the state as well as state officials. Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Based on the applicable law, this Court should dismiss all official capacity claims against the Defendants

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Omar J. Famada_____
Omar J. Famada
Assistant Attorney General
Florida Bar No.: 94467
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Omar.Famada@myfloridalegal.com

**CERTIFICATE OF SERVICE**

On April 15, 2020, I certify that a true copy of the foregoing document was electronically filed through CM/ECF and on April 16, 2020, furnished by U.S. Mail to: Orlando Perez-Martinez, DOC# M67226, Mayo CI Annex, 8784 US Highway 27 West, Mayo, FL 32066.

/s/ Omar J. Famada_____
Omar J. Famada