UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ MARTINEZ,

    Plaintiff,

v.                                              Case No. 4:18-cv-546-WS-MJF

SERGEANT K. LINTON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on Defendants' motion for partial summary judgment. (Doc. 68). Defendants seek summary judgment on only one issue: whether Plaintiff's official capacity damages claims are barred as a matter of law under the Eleventh Amendment. (*Id.*). Plaintiff Martinez has responded in opposition to the motion. (Doc. 72). The undersigned recommends that Defendants' motion for partial summary judgment be granted.[1]

**I.    Background and Procedural History**

Martinez initiated this action on November 19, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Martinez's complaint names as

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Defendants six prison officials at Taylor Correctional Institution: Sergeant K. Linton, Sergeant R. Slayton, Officer Randall D. Brown, Adelina Becerra, Officer C. M. Cooper, and Clinton Buckley.[2] Martinez sues the Defendants in their individual and official capacities for violating his Eighth Amendment rights. In support, Martinez alleges that on September 28, 2017, Defendant Brown ignored Martinez's valid medical pass restricting him from working in food service and, when Martinez attempted to show Brown the medical pass, falsely reported that Martinez was being disruptive. Martinez alleges that Defendants Linton, Slayton, Becerra, and Buckley responded to Brown's report and, while escorting Martinez to confinement in handcuffs, viciously beat him for no penological purpose. Martinez alleges that after the beating, Defendant Cooper refused his plea for medical attention, stripped Martinez of all clothing and bedding, and forced him to sleep naked on a bare steel bunk for 72 hours. As relief for his alleged constitutional injury, Martinez seeks monetary damages and injunctive relief. (Doc. 1).

Defendants move for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, on one ground: the Eleventh Amendment bars Martinez's official capacity claims for damages. (Doc. 68). Martinez's response argues that the

---

[2] The Defendant originally named "Captain John Doe" has been identified as Clinton Buckley. (Docs. 26, 27).

Defendants are not entitled to *qualified* immunity from damages, but Martinez does not address the issue of Eleventh Amendment immunity. (Doc. 72).

## II.     Summary Judgment Standard

Summary judgment is appropriate when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

## III.    Discussion

There is no genuine factual dispute on the issue of the Defendants' Eleventh Amendment immunity from suit for damages in their official capacities. Martinez's damages claims against the Defendants in their official capacities are claims against the State. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). "[A]bsent waiver by the State or valid congressional override," neither of which is present here, "the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). Defendants are entitled to judgment in their favor, as a matter of law, on Martinez's official-capacity damages claims.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

Defendants' motion for partial summary judgment (Doc. 68) be **GRANTED**.

At Panama City, Florida, this <u>19th</u> day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**