Provided 11-10-2020 OPM

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ MARTINEZ,

    Plaintiff,

v.                                       Case No. 4:18-cv-546-WS-MJF

SERGEANT K. LINTON, et al.,

    Defendants.
_____/

## STATEMENT OF FACTS IN SUPPORT OF CLAIMS TO BE TRIED

Comes Now, Orlando Perez Martinez, plaintiff, *pro se*, files the following statement of facts in support of his claims filed pursuant to 42 U.S.C. Title §1983 to be tried pursuant to this Court's October 14, 2020 order, and states:

1. The claims against the defendant's in the above-styled case are scheduled for trial and pursuant to this Court's October 14 order, the plaintiff files his statement of facts in support of his claims against the defendant's.

2. At all times relevant to this case, the Plaintiff was a prisoner in the custody of the Florida Department of Corrections and housed at Taylor Correctional Institution.

## STATEMENT OF THE INCIDENT

3. On September 28, 2017, at approximately 3:00 am, Def. Becerra awoke the Plaintiff and instructed him to show Def. Becerra his orders to change work by the

1

medical department at Taylor C.I. due to medical conditions. The officer refused to listen to the Plaintiff and escorted him to food service ordering him to comply with the order for him to work and perform such duties of which he was excused. Def. Brown was handed the medical passes and refused to acknowledge Plaintiff's medical conditions. Def. Brown returned the passes and contacted his shift supervisor and provided an untruthful statement about Plaintiff's conduct in which the shift supervisor authorized the writing of a discplinary report and to place Plaintiff in administrative confinement. On the way out of the medical unit, while being escorted to confinement by Def's Brown, Linton, Slayton, and Becerra, they were joined by Capt. Buckley when they reached a point along the path that was undetectable and out of range of security cameras (which is known is to be a blind spot by officers) the Def's commenced a vicious assault sadistically beating the Plaintiff with deliberate, willful, and malicious intent to cause physical and mental injury.

4. The claim involves defendant's Sgt. K. Linton; Sgt. R. Slaton; Sgt. E. Becerra; Off. R. Brown; Off. C. Cooper; and, Capt. Buckley, who are being sued in their individual capicity.

5. Def. Linton is alleged to have slammed the Plaintiff head first onto the ground while in hand restraints behind his back and with shackles on his legs at which time Defendant Linton kicked and stomped the Plaintiff while he layed helpless on the ground.

6. Def. Slayton joined in with his coworkers kicking Plaintiff in his rib cage area that resulted in broken ribs. This was verified by subsequent x-ray examinations.

7. Capt. Buckley, Sgt. Linton, Sgt. Slayton, and Sgt. Becerra stepped on Defendant's head with one foot as another placed their foot on the shackles jumping on the chain that joined Plaintiff's ankles together while the captain sprayed mace into face, nose, and eyes to the near poinf of asphyxiation. The Plaintiff was then dragged over 300 ft by Def's Linton and Slayton to the confinement unit.

8. Once brought into a confinement unit quad G-4 was taken to the shower room. All subsequent actions were captured by audio and video monitors in the confinement unit. Seven hours after the beating and sustaining physical injuries, the Plaintiff was placed in a confinement cell located G-4-114 at Taylor Correctional Institution.

9. As a result of the physical injuries and wanton infliction of pain for his injuries including broken ribs, bruising to his legs, ankles, stomach, and head; as well as, injury affecting his sight, breathing, and immobility, and the pain inflicted upon him he is suing each of the defendants in their individual capacity in the sum of $100,000.00 each.

10. Def. Cooper is also is being sued in the same amount by showing reckless and deliberate indifference to the Plaintiff's serious medical needs. When he would report his medical problems as a result of the injuries he sustained, Def. Cooper deliberately ignored his calls for medical assistance while working as a confinement officer.

11. Each of the defendants are cited for violating Defendant's Eighth Amendment

Right to be free from cruel and unusual punishment and where they commited these acts knowingly violating both state and federal law including the use of chemical agents in malicious disregard of the medical pass produced to the defendants prior to the excessive force incident.

12. As additional facts to be considered at trial, is the unwillingness of the department to produce Plaintiff's medical records despite the order of this court and though it was produced to the Inspector General. Because of Plaintiff's indigent status if the physical documents are not produced at trial it would be because the Department of Corrections has failed to comply with the discovery obligations related to this suit.

WHEREFORE, the affirmation statement of facts will be supported at trial as just cause to grant the relief requested.

Respectfully submitted,

_____
Orlando Perez Martinez M67226
Mayo Correctional Institution
8784 US HWY 27 W
Mayo, FL 32066

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under the penalty of 28 U.S.C. §1746 that I have forward a copy of the aforementioned Statement of Facts in Support of Claims to Be Tried to: Ashely Moody, Office of the Attorney General, The Capitol, PL-01, Tallahassee, FL 32399 on this  10  day of November, 2020.

Orlando Perez Martinez M67226
Mayo Correctional Institution
8784 US HWY 27 W
Mayo, FL 32066

Orlando-Perez Martinez #M67226
Mayo Correctional Institution Annex
8784 U.S. HWY 27 W
Mayo, Fl 32066

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION



CHECKED NOV 13 2020

United States District Court
North District of Florida
U.S. Courthouse
111 N. Adams Street
Tallahassee, FL 32301

LEGAL MAIL ONLY