# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ORLANDO PEREZ MARTINEZ,**

    Plaintiff,

v.                                             **Case No. 4:18cv546-TKW-MJF**

**K. LINTON, et al.,**

    Defendants.

_____/

## ORDER SCHEDULING TRIAL
## AND ESTABLISHING PRETRIAL PROCEDURES

Based on the parties' responses (Docs. 92, 93), it is

**ORDERED** that:

1. <u>Trial</u>.

(a) This case is set for a <u>jury</u> trial commencing on **June 1, 2021**, in Courtroom 4 North in the United States Courthouse (One North Palafox), in <u>Pensacola, Florida</u>. *See* N. D. Fla. Loc. R. 3.1(D). **Three** days are reserved for trial.

(b) A conference will be held at 8:30 a.m. (central time) on the first day of trial with attorneys and any pro se parties. Jury selection will begin around 9:00 a.m. or as soon as the panel of prospective jurors is ready, and opening statements will immediately follow jury selection.

(c) Each day, there will be one break in the morning and one trial break in the afternoon of approximately 15 minutes each. Lunch will be 60 to 90 minutes depending on the pace of the trial. The Court plans to excuse the jury each day by 5:00 p.m., but counsel and any pro se parties shall plan to be in court each day until at least 5:30 p.m. to address any case management issues that arise.

2. <u>Pretrial conference</u>.

(a) A telephonic pretrial conference will be held in this case on **May 21, 2021**, at **10:00 a.m**. (central time). A separate notice will be issued with the call-in information. **Two hours** are reserved for the pretrial conference, although it is not expected that the conference will last that long.

(b) Counsel and any pro se parties who will conduct the trial are required to be present for the pretrial conference. They shall be prepared to act with final authority in the resolution of all matters.

(c) The Court plans to dispose of all motions and other matters then at issue during the conference. The Court will review all matters contained in the parties' pretrial filings and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

(d) If necessary or advisable, the Court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

3. <u>Settlement conference</u>. This case is referred to the magistrate judge for a settlement conference to be completed prior to the pretrial conference. The Court did not overlook the representation that the parties have divergent views about the value of this case, but the Court still believes that a settlement conference could be helpful since the magistrate judge is an impartial judicial officer who can give the parties (particularly the pro se Plaintiff) a realistic view of what might happen at trial and why a negotiated resolution may be in their best interests.

4. <u>Witness subpoenas</u>. The Court anticipates issuing a writ of habeas corpus ad testificandum to ensure Plaintiff's presence in the courtroom throughout the trial proceedings. At Plaintiff's request, the Court may issue writs of habeas corpus ad testificandum to procure the presence of inmate witnesses at trial. Given logistical considerations of transporting inmates, Plaintiff must request writs of habeas corpus ad testificandum for inmate witnesses on or before **Friday, April 16, 2021**. With respect to Plaintiff's witnesses who are not currently inmates, if any, the Court will not issue subpoenas until Plaintiff demonstrates his ability to pay the witnesses' travel expenses (the current rate is 56 cents per mile each way) plus the daily witness fee of $40 for each witness. *See* 28 U.S.C. §1821.

5. <u>Requesting counsel</u>. Although Plaintiff does not have the right to an appointed attorney in this civil case (and the Court sees no basis to appoint one in any event), the Court has the discretion under 28 U.S.C. §1915(e)(1) to request pro

bono counsel for him because of his in forma pauperis status, *see* Doc. 4.  Defendants have suggested that the Court arrange for a notice to be published seeking an attorney with English and Spanish fluencies to volunteer to represent Plaintiff pro bono.  *See* Doc. 93, at 2.  If Plaintiff would like such a notice to be published, he must make his request on or before **Friday, February 12, 2021**.  There is, however, no guarantee that an attorney will volunteer, so Plaintiff should expect to present his case on his own at trial.

      6.    <u>Pretrial filings</u>.

    (a)    At least 14 days before the pretrial conference, the parties shall file:

        i.    Any supplements to their witness and exhibit lists;

        ii.    A list of any facts that are stipulated and require no proof;

        iii.    Each side's estimate as to the length of its portion of the trial, and as to the trial as a whole;

        iv.    Proposed voir dire questions (for the judge to consider asking the prospective jurors);

        v.    Proposed jury instructions; and

        vi.    Proposed verdict forms.

    (b)    The proposed jury instructions shall contain citations of supporting authorities; shall designate the party submitting the same; and in the case of multiple requests by a party, shall be numbered in sequence.  Requests for instructions taken

verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference and need not be set forth in full. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.

  7. <u>Motions in limine</u>. Motions in limine shall be filed at least 14 days before the pretrial conference. Responses shall be filed 7 days after the motion is filed, or 7 days before the pretrial conference, whichever is earlier. The motions will be ruled on (or ruling will be reserved) at the pretrial conference.

  8. <u>Trial procedures</u>.

  (a) The jury selection process will be conducted as explained at the pretrial conference, with the Court conducting voir dire and the parties selecting <u>eight</u> jurors. Plaintiff (individually) and Defendants (collectively) will each have four peremptory challenges, no back striking will be allowed, and there will be no alternates.

  (b) Unless different time limits are established at the pretrial conference, each party will be afforded 20 minutes for opening statements, and 45 minutes for closing arguments, but the parties are expected to use only so much of that time as they reasonably need. Plaintiff may reserve a portion of his time for closing argument for rebuttal.

(c) A party may use a demonstrative aid in its opening statement only if the demonstrative aid is disclosed to the opposing party at or before the pretrial conference. Any objections to a demonstrative aid shall be heard before jury selection on the first day of trial. Evidence may not be shown to the jury during opening statements unless both sides agree.

(d) Defendants shall, and Plaintiff may, provide a binder containing their exhibits for the witness stand. The binder should be organized and tabbed for easy and quick reference. This requirement does not apply to rebuttal exhibits that cannot be anticipated before trial.

9. <u>Court reporter</u>. Any special request for court reporter services, such as a daily copy, must be submitted to the court reporter, Julie Wycoff, by close of business on May 28, 2021. Her contact information is 850-470-8196 and Julie_Wycoff@flnd.us.courts.gov.

10. <u>Evidence presentation system</u>. Attorneys shall familiarize themselves with the Court's evidence presentation system prior to the time of trial. Any questions about the system or other information technology matters should be directed to Paula Cawby, at 850-470-8129 or paula_cawby@flnd.uscourts.gov.

11. <u>Pretrial order</u>. A pretrial order will be entered after the pretrial conference incorporating the parties' stipulations and any agreements reached and rulings made at the pretrial conference. After the pretrial order is entered by the

Court, the pleadings will be merged therein, and the pretrial order will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

12. <u>Newly discovered evidence</u>. Except as provided in this paragraph, witnesses not listed in the witness lists (Docs. 85, 87), as supplemented in accordance with paragraph 6(a)i. above, will not be allowed to testify, and exhibits not on the exhibit lists (Doc. 88), as supplemented in accordance with paragraph 6(a)i. above, will not be admitted into evidence. If any new witness is discovered after the deadline for pretrial filings in paragraph 6(a), the party desiring to call the witness shall immediately file with the Clerk and serve on the other side notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery. If any new exhibit is discovered after the deadline for pretrial filings in paragraph 6(a), the party desiring to use it shall immediately disclose the exhibit to the court and the other side together with the reason for late discovery. Use of such newly discovered witnesses or evidence shall be allowed only by order of the Court in the furtherance of justice.

13. <u>Other matters</u>.

(a) Any party seeking to invoke the Rule of Sequestration must do so before opening statements in the trial.

(b)     Cell phones and other electronic devices may be brought into the courthouse during trial.  All devices must be silenced in the courtroom or left in the attorney conference / witness rooms.

(c)     Bottled water may be brought into the courtroom to drink.

(d)     Counsel and any pro se parties shall familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court (which, for convenience, can be found on the Internet at http://www.flnd.uscourts.gov/sites/default/files/local_rules/local_rules.pdf around page 42).  The Court expects these requirements to be observed during the course of this trial.

13.    Settlement.  If settlement is reached before the beginning of trial, the parties shall promptly notify the Court.  Failure to notify the Court of a settlement by noon on the Friday, May 28, 2021, will result in the parties bearing the cost of calling in the jury.

**DONE AND ORDERED** this 15th day of January, 2021.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**