IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ-MARTINEZ
DOC# M67226,

    Plaintiff,

vs.                                    Case No. 4:18-CV-546-TKW-MJF

K. LINTON, ET AL.,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendants Cooper and Brown ("Defendants"), by through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), respectfully move for judgment on the pleadings. In support, the Defendants state as follows:

### Statement of Facts

On November 21, 2018, the Plaintiff, Orlando Perez Martinez (FDC# M67226), filed this civil rights case as a 42 U.S.C. § 1983 action alleging violations of his rights under the Eighth Amendment of the United States Constitution. ECF No. 1.

On September 28, 2017, the Plaintiff was awakened by Becerra, who instructed him to report to food service. Id. at 12. When the Plaintiff arrived at food service, the Plaintiff alleges that he showed Brown a "written order of change work assignment" and Brown refused to look at it or verify its authenticity. Id. at 13.

1

When the Plaintiff refused to work in food service, Brown radioed for the supervisor, who authorized a disciplinary report, and the Plaintiff was led out in handcuffs and escorted to medical for a pre-confinement physical. Id. The Plaintiff was escorted by Linton, Slayton, Becerra, and Buckley, who allegedly utilized unnecessary and excessive force on the Plaintiff by repeatedly kicking him. The Plaintiff makes zero allegations that Brown was aware of what the co-defendants were planning or that he failed to intervene during the alleged assault.

After the alleged assault, the Plaintiff was led to a decontamination shower, then to medical, and finally, to a confinement cell. Id. In the confinement cell at 10:30 AM or approximately seven hours after the assault, the Plaintiff declared a medical emergency to Cooper. Id. at 16. Cooper ordered the Plaintiff to remove all clothing, including underwear, to which he complied, and Cooper removed the Plaintiff's mattress, sheets, and blankets forcing the Plaintiff to sleep naked on the bare steel bunk. Id. The Plaintiff did not receive medical attention for seventy-two hours. Id. The Plaintiff makes zero allegations that Cooper was aware of what the co-defendants were planning or that he failed to intervene during the alleged assault.

## Memorandum of Law

### I. Standard of Review

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings." Rule 12(c), Fed. R. Civ. P. "Judgment on the pleadings is appropriate

where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999)). When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & Mclennan Companies, Inc., 404 F.3d 1297, 1303-04 (11th Cir. 2005) (Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002), and Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002)).

## II. Brown is entitled to Qualified Immunity

Qualified immunity addresses the problem that the threat of being sued may stymie an officer's ability to perform his duties effectively. Garcynski v. Bradshaw, 573 F.3d. 1158, 1165-66 (11th Cir. 2009). Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)) (additional quotations omitted). Qualified immunity allows government officials to carry out discretionary duties without the fear of personal liability or harassing litigation. Anderson v. Creighton, 483 U.S. 635, 638 (1987). Immunity

for state officials is the rule, not the exception. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir.1989), cert. denied, 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989). "The defense of qualified immunity represents a balance between the need for a damages remedy to protect the rights of citizens and the need for government officials to be able to carry out their discretionary functions without the fear of constant baseless litigation." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998).

For qualified immunity to apply, the official must prove that the act was within the scope of his/her discretionary authority when the allegedly wrongful act occurred. Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991). The burden then shifts to the plaintiff to show that qualified immunity is not appropriate. See Courson, 939 F.2d at 1487. The court must conduct a two-prong test to determine (1) whether "the facts alleged show the officer's conduct violated a constitutional right," and (2) "whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001). The second prong is "undertaken in light of the specific context of the case, not as a broad general proposition." Id. Discretion is left to the court to determine which of the two prongs to address first. See McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted).

Here, Plaintiff fails to meet either prong of the qualified immunity analysis. Whether a defendant has violated a constitutional right at all is a necessary

concomitant to the question of qualified immunity—if a defendant has not violated a law at all, he certainly has not violated clearly established law. The Plaintiff alleges that Brown refused to acknowledge his medical pass from working the morning food service. Brown radioed his supervisor, and the supervisor authorized the disciplinary report which led to the escort to medical for a pre-confinement physical and then to a confinement cell. The disciplinary report ultimately led to the alleged assault, however, nothing in the Plaintiff's complaint can be liberally construed to impute knowledge of the other co-defendants' actions on Brown. Therefore, Brown was not violating any clearly established law and is entitled to qualified immunity.

### III. The Plaintiff lacks a de minimis injury arising from the Defendants' actions.

As relief, the Plaintiff seeks compensatory, punitive, and nominal damages. ECF No. 1 at 28. However, it is well settled in the law of the Eleventh Circuit that compensatory and punitive damages sought by prisoners are limited by 42 U.S.C. § 1997e(e).

Specifically, it is well established in this Circuit that, pursuant to 42 U.S.C. §1997e(e), an incarcerated prisoner may not initiate a federal civil action for mental or emotional injury, for compensatory damages, or for punitive damages suffered while in custody without a prior showing of physical injury or the commission of a sexual act as defined by 18 U.S.C. § 2246. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011) (Al-Amin II); Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en

banc) (Harris II) (reinstating in part 190 F.3d 1279 (11th Cir. 1999) (Harris I)). To avoid the applicability of § 1997e(e), a prisoner's claims of injury "must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002) (citations omitted). A plaintiff can recover nominal damages, if the plaintiff cannot prove actual injury, but establishes a violation of a constitutional right. Al-Amin v. Smith, 533 F.3d 1317 (11th Cir. 2008) (Al-Amin I) (citations omitted). The physical injury requirement applies to all federal claims, including constitutional claims. Harris II, 216 F.3d at 984-85. While § 1997e(e) does not define physical injury, the Eleventh Circuit has held that, "in order to satisfy the statute, 'the physical injury must be more than de minimis, but need not be significant.'" Dixon v. Toole, 225 F.App'x 797, 799 (11th Cir. 2007) (unreported op.) (quoting Harris, 190 F.3d at 1286). The Eleventh Circuit has not adopted a definition of "de minimis" under § 1997e(e), but has cited to Luong v. Hatt, 979 F. Supp. 481 (N.D.Tex. 1997), for discussion of the issue. Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 n.3 (11th Cir. 2014) (unreported op.) (citing Luong). Other courts, including the Northern District of Florida have referenced Luong's "de minimis" explanation. Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010) (citing Luong); Brown v. Crews, No. 3:13-cv-36-J-34PDB, 2015 WL 736191, at *4 (M.D.Fla. Feb. 20, 2015) (unpublished order); Brown v. McGowan, No.

6

3:13cv545/RV/EMT, 2014 WL 4538056, at *7-8 (N.D.Fla. Sept. 11, 2014) (unpublished order).

The court in Luong provided a common-sense approach for understanding what is considered a non-de minimis injury, by asking "would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" Luong, 979 F.Supp. at 486 (emphasis added) (stating "[i]njuries treatable [by a free world person] at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)"). Stated another way,

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above de minimis. . . require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

Talley v. Johnson, No. 4:07-CV-177 (CDL), 2008 WL 2223259, at *3 (M.D.Ga. May 1, 2008) (emphasis retained) (report and recommendation ("R&R")) (citing Luong), 2008 WL 2223258 (May 23, 2008) (unpublished order adopting R&R).

Minor injuries, such as pain, bruises, scrapes, and/or scratches, such would be characterized as a de minimis injury. Superficial injuries are such minimal 'injuries' that are barred by 42 U.S.C. § 1997e(e). Tate v. Rockford, 497 F. App'x 921, 925 (11th Cir. 2012) (unreported op.) (holding that "a laceration on [a prisoner's]

7

forehead, several small abrasions and cuts, and a swollen right eye" are de minimis injuries); Mann v. McNeil, 360 F.App'x 31, 32 (11th Cir. 2010) (unreported op.) (scrapes and marks on knees and legs were the type of injuries barred by §1997e(e)); Corsetti v. Tessmer, 41 F. App'x 753, 755-56 (6th Cir. 2002) (two small bruises and minor cuts were de minimis injury and therefore not actionable under § 1997e(e), citing, inter alia, Luong); Harris, 190 F.3d at 1286-87 (finding that a "dry shave" – shaving with an unlubricated razor – was not the kind of physical injury cognizable under § 1997e(e)); Jacoby v. Mack, No. 12-0366-CG-C, 2014 WL 2435655, *3, *21 n.26 (S.D.Ala. May 30, 2014) (unpublished order) (cut on cheek and arm, and burn from pepper spray barred by § 1997e(e)); Parker v. Dubose, 2013 WL 4735173, at *2; Magwood v. Tucker, 2012 WL 5944686, at *5; Daughtry v. Moore, No. 08-00215-KD-C, 2009 WL 1151858, *5 (S.D.Ala. Apr. 27, 2009) (unpublished order) (bumps on neck and shoulders insufficient to satisfy the physical injury requirement of § 1997e(e)). Temporary pain and bruising is also characterized as de minimis. Tate, 497 F. App'x at 925; Quinlan, 329 F. App'x at 249; Dixon, 225 F. App'x at 799; Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000); Siglar, 112 F.3d at 193-94 (sore, bruised ear type of injury barred by § 1997e(e)); Luong, 979 F. Supp. at 485-86 (bruises and abrasions barred by § 1997e(e)).

The Plaintiff failed to plead any facts alleging that Defendant Brown and Cooper caused any physical injuries to the Plaintiff. The Plaintiff alleges that Brown ignored Plaintiff's medical pass and called a supervisor, who authorized a

disciplinary report, for the Plaintiff's failure to work the morning food service shift. Id. at 13.  The Plaintiff fails to allege that Brown knew or had reason to know that Becerra, Lynton, Slayton, and Buckley would allegedly use excessive force on him. The Plaintiff's Complaint cannot be liberally construed to impute knowledge, actual or implied, on Brown and Cooper for the alleged actions of Linton, Slayton, Becerra, and Buckley.  While the Plaintiff alleged that Brown used a racial slur to describe the Plaintiff, racial slurs alone do not constitute a constitutional violation, however, inappropriate or unbecoming of a correctional officer it is.

Lastly, the Plaintiff claims that Cooper removed the Plaintiff's clothing, bedding, and mattress and forced the Plaintiff to sleep on a bare steel bed for 72 hours and was denied medical attention for that period.  While the Court must view the Complaint in a light most favorable to the Plaintiff, the Court should not throw out logic and common-sense.  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Common sense dictates that Cooper did not work a 72-hour shift, and assuming that the defendant removed the Plaintiff's clothes, bed linens, and mattress, at worst, the Plaintiff did not have access to medical care for 24 hours. The Eleventh Circuit has held that temporary delay in medical treatment does not constitute deliberate indifference.  Surber v. Dixie County Jail, 206 Fed.Appx. 931, 933 (11th Cir.2006).  See also  See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.

2015) (delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm); Davis v. Michot, No. 13–30132, 2013 WL 3964234 (5th Cir. August 2, 2013) (affirming dismissal for failure to state a claim because the initial misdiagnosis and failure to schedule a doctor's appointment for more than 10 days did not amount to deliberate indifference to prisoner's serious medical needs; Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir.2001) (finding that absent a showing that delaying treatment for one day had a detrimental effect on a prisoner's condition or that anyone had the requisite state of mind, an incarcerated plaintiff would not state a delay-of treatment medical claim.

The Plaintiff's Complaint fails to show what substantial harm was caused by the Cooper's alleged delay. Wherefore, the Defendants request the following relief: (1) judgment in favor of Brown and Cooper; (2) dismissing the Plaintiff's monetary damages against Brown and Cooper, or (3) any other relief the Court deems meet and proper.

    Respectfully submitted,

    ASHLEY MOODY
    ATTORNEY GENERAL

    /s/ Omar J. Famada
    Omar J. Famada
    Assistant Attorney General
    Florida Bar No. 94467
    Office of the Attorney General

The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Omar.Famada@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this motion and memorandum is less than 2700 words.

/s/ Omar J. Famada
Omar J. Famada

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Motion for Judgment on the Pleadings has been furnished by U.S. Mail to Orlando Perez-Martinez, DC# M67226, Mayo Correctional Institution Annex, 8784 US Highway 27 West, Mayo, FL 32066 on this 15th day of March, 2021.

/s/ Omar J. Famada
Omar J. Famada

11