IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ-MARTINEZ
DOC# M67226,

    Plaintiff,

vs.                                             Case No. 4:18-CV-546-TKW-MJF

K. LINTON, ET AL.,

    Defendants.
_____/

## **RESPONSE TO ORDER TO SHOW CAUSE**

The Defendant Randall Brown ("Defendant"), by and through undersigned counsel, responds to the Court's Order to Show Cause (ECF No. 102), and in support of the Defendant's position, states the following:

Defendant Brown's Motion for Judgment on the Pleadings is not analogous nor congruent to the Eleventh Circuit's holding in *Skrtich v. Thornton*, 280 F.3d 1295, 1305-07 (11th Cir. 2002). In *Skritch,* the defendants filed two motions to dismiss, and an answer, all of which failed to raise qualified immunity as an affirmative defense. *Id.* at 1305. Thereafter, the defendants amended their answer to include qualified immunity, and subsequently, filed a motion for summary judgment based on a qualified immunity defense. However, the summary judgment motion was withdrawn after the Plaintiff's deposition was taken, and the Defendants filed their third motion to dismiss pursuant to FRCP 12(b)(6). *Id.* The Eleventh Circuit held:

1

> The result of filing an answer, withdrawing a previously filed motion for summary judgment after a plaintiff's deposition has been taken, and then filing a third motion to dismiss, is delay. Rule 12 does not permit legal tactics employed for delay and we cannot endorse them…[u]nder the circumstances in this case, we find that [the Defendants'] third motion to dismiss was improper and should have been dismissed by the district court."

*Id.* at 1306-1307.

Brown's actions herein are not analogous to the defendants in *Skrtich*. Brown filed his first and only answer to the Plaintiff's complaint and listed qualified immunity as an affirmative defense. ECF No. 33 at 4. Until the recent motion, neither Brown, nor any other defendant, filed any dispositive motion pursuant to Rule 12. *See docket.* Brown filed a motion for partial summary judgment to dismiss the official capacity claims, which was granted. ECF Nos. 68 and 73. On March 15, 2021, Brown filed his first and only Rule 12 motion for judgment on the pleadings. ECF No. 100 at 3-5. The parties are scheduled for mediation on March 30, 2021, and a three-day trial is to commence on June 1, 2021.

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings." Rule 12(c), Fed. R. Civ. P. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos,* 166 F.3d 1114, 1117 (11th Cir. 1999). The Eleventh Circuit "has held that qualified immunity is a question of law that may

be generally asserted (1) on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim; (2) as an affirmative defense in the request for judgment on the pleadings pursuant to Rule 12(c); (3) on a summary judgment motion pursuant to Rule 56(e); or (4) at trial." *Skrtich,* supra at 1306.

Qualified immunity can be plead at various stages, and because it was not raised in motions pursuant to Rule 12(b) or Rule 56, Brown's only procedural mechanism, at this stage, was under a motion for judgment on the pleadings pursuant to Rule 12(c). Brown listed qualified immunity as an affirmative defense in his answer, and therefore, the defense was never waived and was made known to the Plaintiff early on. Brown filed his Rule 12(c) motion early enough prior to the commencement of the trial to not cause a delay and provide the Court with ample opportunity to rule on it. As the Eleventh Circuit noted, the question of qualified immunity can be asserted by the filing of a motion for judgment on the pleadings. Since Brown's motion was his first Rule 12 motion and timely filed, Brown's motion is a proper and should not be construed as a legal tactic designed to delay or obfuscate these proceedings

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Omar J. Famada
Omar J. Famada
Assistant Attorney General
Florida Bar No. 94467

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Omar.Famada@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by U.S. Mail to Orlando Perez-Martinez, DC# M67226, Mayo Correctional Institution Annex, 8784 US Highway 27 West, Mayo, FL 32066 on this 19th day of March, 2021.

/s/ Omar J. Famada
Omar J. Famada