UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORLANDO PEREZ MARTINEZ,

    Plaintiff,

v.                                            Case No. 4:18-cv-546-WS-MJF

SERGEANT K. LINTON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on Defendants Brown and Cooper's motion for judgment on the pleadings. (Doc. 100). Plaintiff has not responded in opposition to the motion.[1] The undersigned recommends that the District Court grant judgment on the pleadings in favor of Brown, but deny judgment on the pleadings as to Cooper.[2]

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Orlando Perez Martinez ("Martinez") initiated this action on November 19, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc.

---

[1] Plaintiff's response deadline expired on March 26, 2021. (Doc. 102).

[2] The District Court referred Defendants' motion to the undersigned on March 16, 2021. (Doc. 101).

1). Martinez's complaint names as Defendants six prison officials at Taylor Correctional Institution: Sergeant K. Linton, Sergeant R. Slayton, Officer Randall D. Brown, Adelina Becerra, Officer C. M. Cooper, and Clinton Buckley.[3] Martinez claims that Defendants violated his Eighth-Amendment rights during a series of events that occurred on September 28, 2017. (*Id*. at 17-21). In support, Martinez alleges the following facts.

A.  **Allegations of Martinez's Complaint**

Martinez alleges that on September 28, 2017, he was awakened by Becerra, who instructed him to report to food service for work. (Doc. 1 at 12). When Martinez arrived at food service, he held up his "work assignment change order" issued by the medical department and started "waving" it to Brown, who was a food service officer. (*Id*. at 13). Without looking at what Martinez was waving, Brown contacted the shift supervisor and "inform[ed] him [of] erroneous and untruthful behavior" by Martinez. (*Id*.). As a result, Martinez was issued a disciplinary report. (*Id*.). Brown also called Martinez "a racial slur." (*Id*.). Martinez was escorted from food service to the medical department for a pre-confinement physical. (*Id*.).

After the physical and on the way to confinement, Becerra, Linton, Slayton and Buckley allegedly beat Martinez in a blind hallway and sprayed him with pepper

---

[3] The Defendant originally named as "Captain John Doe" has been identified as Clinton Buckley. (Docs. 26, 27).

spray while Martinez was handcuffed and shackled. (*Id*. at 13-15). The assault left Martinez with broken ribs, injuries to his knee and ankles, and a "foamy like mask" of pepper spray on his face. (*Id*. at 14-15). After the alleged attack, Martinez was provided a decontamination shower and placed in a confinement cell. (*Id*. at 15).

Approximately seven hours later, Martinez allegedly experienced "pain and aches" in his ribs, legs, ankles, abdomen, and head, as well as eye irritation. (*Id*. at 15). Martinez began to "bang on his cell door to get the officers attention." (*Id*. at 16). Cooper, who was in charge of confinement, responded to Martinez's cell door. (*Id*.). Martinez has "broken down English," so he attempted to communicate that he was "in agony and terrible pain" by pointing to his ribs, rubbing his eyes and nose, and pleading "Dr., Dr., pain, pain." (*Id*.). In response, Cooper ordered Martinez to remove all of his clothing. (*Id*.). Cooper then took Martinez's clothing, underwear, mattress, sheets and blanket, and left Martinez naked in the cell for 72 hours with no mattress, bedding, or medical care. (*Id*.).

As a result of the alleged assault and delay in medical care, Martinez alleges that he suffered permanent injuries to his vision, respiratory difficulty, broken ribs that did not properly heal, an injury to his right knee, injury to his ankles, and emotional distress. (*Id*. at 24-26).

### B.     Defendants Brown and Cooper's Motion for Judgment on the Pleadings

Defendants Brown and Cooper move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 100). Brown argues that he is entitled to qualified immunity because Martinez's allegations fail to establish that he violated a clearly established constitutional right. (*Id*. at 3-5). Brown explains that Martinez's only allegation against him is that he ignored Martinez's medical pass and reported him to a supervisor, and that Martinez fails to allege Brown knew or had reason to know that Martinez would be injured by Becerra, Linton, Slayton, and Buckley during the later escort to confinement. (*Id*. at 5, 8-9).

Cooper does not seek judgment on the pleadings based on qualified immunity. Cooper argues that he is entitled to judgment on the pleadings because "[c]ommon sense dictates that Cooper did not work a 72-hour shift." (Doc. 100 at 9). This court, therefore, should assume that he deprived Martinez of clothing, bedding and medical care for only 24 hours and, based on that set of facts, grant judgment on the pleadings because Martinez "fails to show what substantial harm" was caused by that delay. (*Id*. at 9-10).

Finally, Cooper and Brown argue that Martinez is prohibited by 42 U.S.C. § 1997e(e) from recovering compensatory and punitive damages, because Martinez does not allege that Cooper and Brown's actions caused him to suffer a serious

physical injury. (Doc. 100 at 5-9). Martinez has not responded in opposition to the motion.

## II.  RELEVANT LEGAL STANDARDS

### A.  Judgment on the Pleadings Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In reviewing the competing pleadings, the court "accept[s] as true all material facts alleged in the non-moving party's pleading" and "view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). When a defendant moves for judgment on the pleadings, the court applies "the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C.

Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

If a comparison of the averments in the complaint and the motion for judgment on the pleadings "reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335.

**B.      Elements of a Section 1983 Claim for Violation of the Eighth Amendment**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). A claim of deliberate indifference to a risk of serious harm has three elements. A plaintiff must allege that "(1) there was a substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk of harm, and (3) a causal connection between the defendant's

conduct and the violation." *Block v. Pohling*, 735 F. App'x 555, 557 (11th Cir. 2018) (citing *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016)). "[T]he Eighth Amendment defines the contours of the first two elements and § 1983 delimits the third." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

"While the Constitution does not require comfortable prisons, the Eighth Amendment's proscription of cruel and unusual punishments does mandate that prison officials 'must provide humane conditions of confinement' ensuring inmates receive adequate food, shelter, clothing, and medical care." *Redding v. Georgia*, 557 F. App'x 840, 843 (11th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Nevertheless, the Eighth Amendment does not authorize judicial reconsideration of every governmental action affecting a prisoner's well-being, and only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

To establish an Eighth Amendment violation, the prisoner must satisfy an objective component and a subjective component. The prisoner must make "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). The inmate also must make "a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Id*. at 1304 (quoting *Farmer*, 511 U.S. at 834).

"[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." *Thomas*, 614 F.3d at 1304 (quoting *Hudson*, 503 U.S. at 9). A prison condition is unconstitutional only if it deprives the plaintiff of a human need, *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 305 (1994)), or otherwise "'pose[s] an unreasonable risk of serious damage to his future health' or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

To prove the subjective component—deliberate indifference—a prisoner must show that the defendant had subjective knowledge of a risk of serious harm, and disregarded that risk through conduct constituting more than gross negligence. *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As to the third and final prong, section 1983 "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca*, 995 F.2d at 1538 (internal quotation marks omitted). "The constitutional deprivation must, in turn, be a legal

cause of the plaintiff's injuries." *Block*, 735 F. App'x at 558 (quoting *Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir. 1982)).

### III. DISCUSSION

**A.** **<u>Defendant Brown is Entitled to Judgment on the Pleadings</u>**

Martinez claims that Brown violated his rights under the Eighth Amendment when he refused to review the medical pass Martinez waved at him, called the shift supervisor to report "untruthful information" about Martinez's behavior, and called Martinez a racial slur. (Doc. 1 at 17-18). Martinez alleges that Brown's actions caused the issuance of a disciplinary report which, in turn, caused him to be escorted to the medical department (*Id*. at 13).

Martinez's allegations do not satisfy the objective component of an Eighth-Amendment claim. Martinez's allegation do not indicate that Brown's act of ignoring the medical pass and issuing a disciplinary report posed "an unreasonable risk of serious damage to his future health or safety." *Chandler* at 1289. The fact that Martinez ultimately was injured while being escorted to confinement—by itself—is insufficient to show that Brown's actions exposed him to a substantial risk of serious harm. *Brooks v. Warden*, 800 F.3d 1295, 1301-02 (11th Cir. 2015) (holding that to establish a substantial risk of serious harm, an inmate must show a "strong likelihood of injury, rather than a mere possibility; the fact that an inmate ultimately is injured is insufficient, in and of itself, to show a substantial risk of serious harm).

Martinez's allegations also fail to state that Brown knew he was exposing Martinez to a substantial risk of serious harm when he ignored the medical pass and reported Martinez to the shift supervisor. Martinez alleges that "refus[ing] to investigate[ ] and look at medical passes and medical orders placed within reading distance" amounts to "deliberate indifference." (Doc. 1 at 17). Neither the Supreme Court nor the Eleventh Circuit has adopted such a *per se* rule. *See, e.g., Redding*, 557, F. App'x at 844 (holding that inmate failed to state a facially plausible Eighth Amendment claim where he merely alleged that he was assigned to a top bunk despite his bottom bunk profile; prison officials "may have been negligent," but their action did not "rise[e] to a level above . . . gross negligence." (citing *Goodman*, 718 F.3d at 1332).

With regard to Brown using a racial slur, mere words—other than true threats of harm—are insufficient to state an Eighth-Amendment claim, even when such words are hurtful, rude, boorish, or insulting. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that taunts, even those that are "distressing" do not violate a prisoner's constitutional rights under the Eighth Amendment); *accord DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (noting that the use of derogatory language "while unprofessional and deplorable, does not violate the Constitution"); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (holding that severe acts of intimidation and "verbal harassment alone are not

sufficient to state a claim under the Eighth Amendment"); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (stating that allegations of verbal abuse as well as threatening language and gestures on the part of a correctional officer do not rise to the level of a constitutional violation).

Even if Martinez satisfied the two elements of an Eighth-Amendment violation concerning any aspect of Brown's conduct, his allegations still fall short because he fails to establish that Brown caused his injuries. Martinez attributes his injuries to the alleged assault and the denial of medical care. Martinez, however, fails to link Brown's actions—his refusal to review the medical pass, issuance of a disciplinary report and use of a racial slur—to the alleged assault or lack of medical care. Martinez's failure to connect his injuries to Brown's alleged deliberate indifference also warrants dismissal of his claim against Brown. *See, e.g., Block*, 735 F. App'x at 558-59 (holding that inmate failed to establish an Eighth-Amendment deliberate indifference claim against prison official because he failed to link prison official's derogatory statements about inmate's sexuality to injuries inmate later sustained when he was sexually assaulted by other inmates); *Green v. Mowery*, 212 F. App'x 918, 920 (11th Cir. 2006) (holding that inmate failed to establish causal connection between officer's issuance of disciplinary report and inmate's suffering from excessive heat in inadequately ventilated confinement cell; inmate did not allege officer was responsible for selection of his cell).

Finally, even if Martinez's allegations sufficiently alleged a § 1983 claim for a violation of the Eighth Amendment, Martinez still has failed to overcome Brown's assertion of qualified immunity. Martinez has not cited a case with materially similar facts from the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida which might have given Brown fair warning that his actions were unconstitutional. *See Saucier v Katz*, 533 U.S. 194, 201 (2001) (holding that even if a constitutional violation could be made out on a favorable view of the parties' submissions, a plaintiff can overcome a qualified immunity defense only if he establishes that the right was "clearly established . . . in light of the specific context of the case, not as a broad general proposition"), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

For all of these reasons, Brown is entitled to a judgment on the pleadings.

**B.**     **Defendant Cooper is Not Entitled to Judgment on the Pleadings**

Cooper acknowledges that Martinez alleged that Cooper:  (1) removed Martinez's clothing, underwear, bedding, and mattress; (2) forced Martinez to sleep on a bare steel bed for 72 hours; and (3) denied Martinez medical attention for that period. (Doc. 100 at 9). Cooper argues, however, that this court should not credit all of these allegations. Cooper explains:

> Common sense dictates that Cooper did not work a 72-hour shift, and assuming that the defendant removed the Plaintiff's clothes, bed linens, and mattress, at worst, the Plaintiff did not have access to medical care

for 24 hours. The Eleventh Circuit has held that temporary delay in medical treatment does not constitute deliberate indifference.

(*Id*. at 9) (citations omitted).

It might be common sense to assume that Cooper did not actually work a 72-hour shift, although the precise duration of a particular FDC employee's shift is not something which can be perceived simply with "common sense." Regardless, a reasonable jury could infer from the fact that Cooper was "in charge of confinement" that Martinez was placed on strip status and remained in that condition for 72 hours—even if Cooper was not physically present the entire time—pursuant to Cooper's order. (Doc. 1 at 16).

Additionally, although the Eleventh Circuit has held that being stripped of clothing, bedding and a mattress for 72 hours does not necessarily constitute cruel and unusual punishment,[4] Martinez's allegations go further than that. He also alleges that Cooper ignored, without explanation, his fractured ribs and other physical injuries that Martinez pointed out to him. (*Id*. at 21, 24). The Eleventh Circuit has held that the deliberate failure to obtain medical treatment for broken bones or equally painful conditions can violate the Eighth Amendment. *See Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) (obviously broken arm); *Brown v. Hughes*,

---

[4] *See Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016); *Turner v. Warden, GDCP*, 650 F. App'x 695, 700-02 (11th Cir. 2016).

894 F.2d 1533, 1538 (11th Cir. 1990) (broken and swelling foot); *see also, e.g., Rhiner v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 930, 931 (11th Cir. 2017) (recognizing that a prisoner may state a facially plausible Eighth Amendment claim "even when the injury was not life threatening or the delay lacked long-term consequences"). On the pleadings, Martinez sufficiently has alleged that Cooper was deliberately indifferent to a serious medical need.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants Brown and Cooper's motion for judgment on the pleadings (Doc. 100) be **GRANTED IN PART** and **DENIED IN PART**.

2. The District Court **GRANT** judgment for Defendant Brown and terminate Brown from this case.

3. The District Court **DENY** judgment for Defendant Cooper at this stage of the case.[5]

At Pensacola, Florida, this 6th day of May, 2021.

---

[5] Cooper's attempt to limit his liability for damages by claiming that Martinez fails to satisfy § 1997e(e)'s "physical injury" requirement does not warrant a judgment in his favor. The Eleventh Circuit has held that 42 U.S.C. § 1997e(e) does not prevent a prisoner from recovering nominal and punitive damages. *See Brooks*, 800 F.3d at 1307-08 (nominal damages); *Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (punitive damages).

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**