PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 5/19/21 (DATE) FOR MAILING
PJ (STAFF INITIAL) OPM (I/M INITIAL)

ORLANDO PEREZ MARTINEZ
    Plaintiff,

v.                      Case No.: 4:18CV546-TKW-MJF

K. LINTON, et al.,
    Respondent.
_____/

RESPONSE TO ORDER TO SHOW CAUSE

    The Plaintiff Orlando Perez Martinez, pro se, responds to the Court's Order to Show Cause (EFC No. 102), and in support of his 42 U.S.C. § 1983 Complaint, states as follows:

    Martinez was unable to participate in the pre-trial conference and would have similar difficulties presenting his case at trial due his inability to understand English and thus needs an interpreter for these purposes.[1]

    Plaintiff maintains his position that the Defendants (excluding Randall Brown) willfully violated his Eighth Amendment protection to be free from cruel and unusual punishment where their actions caused the "unnecessary and wanton infliction of pain," Hudson v. McMillian, 503 U.S. 1, 5 (1992) He submits that he has shown

---

[1] Plaintiff has filed his Motion for Appointment of an Interpreter due to indigency and requests same be granted.



"proof of an affirmative casual connection between the actions taken by [the] particular [Defendants] under color of state law and the Constitutional deprivation." *La Marca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993)

Martinez relies, *inter alia*, on Defendant Cooper's own assertion (Doc. 100) which essentially admits by failing to contest his allegation that Plaintiff informed him as the confinement supervisor of his pain and injuries prior to being told to strip naked and being left without medical attention, clothing, bedding and a mattress for 72-hours. Conduct that would constitute the wanton infliction of pain and deliberate indifference to his serious medical needs. While the other Defendants, including those who committed the assault (but made no report of the injuries) did so with knowledge of risk of serious harm, and disregard that risk through conduct constituted more than gross negligence. *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013)

Plaintiff further points out that in Defendant Brown and Cooper's motion for judgement on the pleadings, (Doc. 100) they appear to be distancing themselves from the deliberate and willful violation of federal law which caused Martinez to suffer broken bones and then denied him medical attention for 72-hours, asserting (as in Brown's case) he did not allege that Brown knew or had reason to know he would be injured by Becerra, Linton, Slayton, and Buckley, during the later escort to confinement, Id. at 5, 8-9. Or, (as in Cooper's case) that Martinez simply "fails to

show what substantial harm" was caused by the delay. Id. at 9-10. (See Report and Recommendation, pg. 4) Here, Martinez makes clear that Cooper's actions alone caused the wanton infliction of pain and suffering by denying him medical attention and was deliberate indifference to his serious medical needs. Under the undisputed facts, Cooper's conduct meets this standard. Indeed, the Court has denied Cooper's attempt to limit his liability for damages. (See Report and Recommendation, pgs. 12-15)

## CONCLUSION

For the reasons stated above, Plaintiff requests the Court to reschedual the pre-trial conference and trial date, and grant his accompanying motion to appoint an interpreter due to his indigency status.

Respectfully submitted,

Orlando Perez Martinez #M67226
Mayo Correctional Inst. Annex
8784 U.S. HWY 27 W
Mayo, FL 32066

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was provided to prison officials for mailing to: Office of the Attorney General, the Capitol, PL-01, Tallahassee, FL 32399 on this _19_ day of May, 2021.

_____
Orlando Perez Martinez #MC7226

Orlando Perez Martinez # M67224
Mayo Correctional Institution Annex
8784 U.S. HWY 27 W
Mayo, FL 32066

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
LEGAL MAIL

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

SCREENED BY USMS



Clerk of the Court
U.S. Courthouse
801 N. Florida Avenue
Tampa, FL 33602