UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ORLANDO PEREZ MARTINEZ**,

    **Plaintiff**,

v.                                          Case No. 4:18cv546-TKW-MJF

**SERGEANT K. LINTON**, et al.,

    **Defendants**.
_____/

**ORDER SCHEDULING TRIAL AND PRETRIAL CONFERENCE
AND ESTABLISHING RELATED DEADLINES AND PROCEDURES**

Based on the parties' status report (Doc. 136), it is **ORDERED** that:

1.     <u>TRIAL</u>

This case is set for a <u>jury</u> trial on **September 12, 2022**, at **8:30 a.m. (central time)**, in the United States Courthouse, Courtroom 4 North, Pensacola, Florida. **Four days**, inclusive of jury selection, are reserved for trial, but the parties are expected to use only so much of that time as is reasonably necessary to efficiently try the case.

2.     <u>PRETRIAL CONFERENCE</u>

The pretrial conference is set for **August 26, 2022**, at **2:00 p.m. (central time)** in the United States Courthouse, Courtroom 4 North, Pensacola, Florida. **Two hours** are reserved for the conference.

3. <u>PRETRIAL DEADLINES</u>

A. The attorney's conference required by paragraph 4 shall be held no later than **August 5, 2022**.

B. The pretrial stipulation and other papers required by paragraphs 5 and 6 shall be filed on or before **August 19, 2022**.

C. Motions in limine and other pretrial motions shall be filed on or before **August 12, 2022**, with responses due 7 days after the motion is filed to allow for consideration of the motions at or before the pretrial conference.

4. <u>ATTORNEY CONFERENCE</u>

A. Counsel for all parties shall meet on or before the date specified in paragraph 3.A for the following purposes:

i. To stipulate to as many facts and issues as possible;

ii. To prepare the pretrial stipulation in accordance with paragraph 6;

iii. To examine all exhibits proposed to be used in the trial;

iv. To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including possible rebuttal witnesses and experts;

v. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

vi. To complete all other matters which may expedite both the pretrial and

the trial of this case.

  B. Counsel for defendants shall initiate arrangements for the attorney conference.  However, all counsel are charged with the duty of meeting and complying with the schedule set forth in this order.  If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed, to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

  5. <u>PRETRIAL STIPULATION</u>

The pretrial stipulation shall contain:

  A. The basis of federal jurisdiction;

  B. A concise statement of the case;

  C. A brief general statement of each party's case;

  D. A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection.  <u>Any objections not listed will be deemed waived</u>;

  E. A list of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Witness addresses must be provided to opposing counsel but, in order to comply with applicable privacy policies, shall **NOT** be included in the pretrial stipulation as filed.  Expert witnesses shall be labeled as such;

  F. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

G. A concise statement of those issues of law upon which there is agreement;

H. A concise statement of those issues of fact which remain to be litigated;

I. A concise statement of those issues of law which remain for determination by the Court;

J. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

K. A list of all motions or other matters which require action by the Court;

L. Counsel's estimates of the length of their respective cases and the trial as a whole; and

M. The signature of counsel for all parties.

6. PAPERS TO BE SUBMITTED

A. No later than the date specified in paragraph 3.B, the parties shall jointly file the pretrial stipulation and individually file:

i. A concise trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law;

ii. Proposed jury instructions;

iii. Proposed verdict forms; and

iv. Proposed voir dire questions.

B. The proposed jury instructions and verdict forms shall be filed and editable copies (in Microsoft Word format) shall be emailed to flnd_wetherell@flnd.uscourts.gov. The proposed instructions shall contain citations of supporting authorities; shall designate the party submitting the same; and in the

case of multiple requests by a party, shall be numbered in sequence. Requests for instructions taken verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference and need not be set forth in full. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.

    7.    <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>

    A.    Counsel who will conduct the trial are required to be present for the pretrial conference. They shall be prepared to act with final authority in the resolution of all matters.

    B.    The court will ordinarily dispose of all motions and other matters then at issue. The court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

    C.    If necessary or advisable, the court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

    8.    <u>PRETRIAL ORDER</u>

    A.    A pretrial order will be entered after the pretrial conference to memorialize the agreement reached and rulings made at the pretrial conference, and unless otherwise stated in the order, the pretrial conference will be deemed to have been incorporated into the pretrial order.

    B.    After the pretrial order is entered by the court, the pleadings will be

merged therein and the pretrial order will control the course of the trial and may not be amended except by order of the court in the furtherance of justice.

9. NEWLY DISCOVERED EVIDENCE OR WITNESSES

Except as provided in this paragraph, witnesses not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence. If any new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery. If any new exhibit is discovered after submission of pretrial stipulation, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery. Use of such newly discovered witnesses or evidence shall be allowed only by order of the court in the furtherance of justice.

10. OTHER MATTERS

A. Attorneys shall familiarize themselves with the Court's evidence presentation system prior to the time of trial. Any questions about the system or other information technology matters should be directed to the Court's courtroom deputy clerk, Paula Cawby, at 850-470-8129 or paula_cawby@flnd.uscourts.gov.

B. Counsel for each party shall arrange with the Court's courtroom deputy clerk for marking for identification all exhibits intended to be offered by the party as nearly as possible in the sequence proposed to be offered.

C. Should a party or a party's attorney fail to appear at a pretrial

conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

D. The attorneys are expected to comply with the standards of professionalism in the American College of Trial Lawyers Code of Pretrial and Trial Conduct, which is available at the "attorneys" tab on the court's website.

**DONE and ORDERED** this 23rd day of March, 2022.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**